No. 7769.

## SCHENCK *v.* SITHOFF.

PERSONAL PROPERTY.—*Action to Recover Possession.*—*Bill of Sale.*—*Demand.*—*Evidence.*—A demand for possession of personal property claimed under a bill of sale is sufficiently proved by evidence of the agent making the demand, and of the defendant that it was his first knowledge of plaintiff's claim of ownership before action brought to recover its possession.

SAME.—*Bill of Sale.*—*Consideration.*—*Instruction.*—*Gift.*—On trial of an action to recover possession of such personal property, an instruction, asked and refused, that, "If the jury shall find that the bill of sale was made without any actual consideration as between them, the plaintiff

is not entitled to recover the possession of the property described in the bill of sale," was not fully correct. In such case, if the bill of sale was without consideration, evidence having been introduced tending to show a perfect gift, by delivery of possession under it, to the plaintiff, an action would lie to recover possession.

SAME.—*Consideration.*—*Payment.*—In such case, an instruction, assuming that the price mentioned in the bill of sale was the true consideration, was wrong, and correctly refused. It was competent to show a different consideration, and that it had been paid before the making of the bill of sale.

SAME.—*Agreement of Mortgagor to Permit Foreclosure.*—An agreement by the plaintiff, who was a mortgagor of land, to permit a foreclosure of the mortgage, and the accomplishment of such foreclosure, constitute a sufficient consideration to support the bill of sale in suit made by the defendant, who was the mortgagee, to the plaintiff.

SAME.—In such case, the mortgagor had the right, by payment, to prevent a foreclosure; and, having yielded that right and the right of redemption, the plaintiff, in effect, agreed that the title should pass to the mortgagee as if a deed had been bargained for and made.

SAME.—*Valid Sale while Under Levy.*—The owner of property under the levy of executions may sell it, and, when they are satisfied, the sale, if otherwise valid, is good against the world.

PRACTICE.—*Instruction.*—*Right of Possession and of Property.*—A party desiring a more accurate statement of the issue than that made in an instruction must move for it at the time, and, failing to do so, can not be heard to complain of it on appeal; and where the right of possession is practically the right of property, an instruction that the ownership is the question in issue, is not erroneous.

SAME.—*Evidence of Ownership.*—*Tax Schedules.*—Where the schedule of each claimant, returned for taxation after a sale bill was made, had been admitted in evidence without objection, one including and the other not showing the property claimed, it was not error for the court to exclude a return by the latter the next year, to prove that he then included it with his property.

SAME.—Declarations of a party are provable against, but not for, him. He can not manufacture evidence for himself in that way.

From the Vanderburgh Superior Court.

*S. R. Hornbrook, A. Gilchrist* and *C. H. Butterfield,* for appellant.

*C. Denby* and *D. B. Kumler,* for appellee.

WOODS, J.—The argument of the appellant's counsel is confined to the error assigned upon the overruling of the

motion for a new trial. The first point made in the brief is, that there is not sufficient evidence of a demand for the property, sought to be recovered by the plaintiff, before the commencement of the action. The plaintiff testified that she left the house of the appellant, her father, where she had been living, in March, 1878, and at that time left the property with him. A demand was therefore necessary before his possession could be made wrongful. The appellant testified that the plaintiff never said the property was hers before she left, and that the first he knew she claimed it was when Brown came and demanded it. Albert G. Brown testified that he made a demand for the property mentioned in the complaint for the plaintiff. Taken together, this testimony affords clear proof that a demand was made upon the defendant in the plaintiff's behalf, before he was served with summons in the case, if a summons was issued, because Brown's demand, according to his own statement, was the first he knew of the claim; and, in the absence of any contrary proof, or even suggestion in the evidence, we would not be warranted in disturbing the verdict for the lack of more definite evidence on the subject. It is evident from the whole record, and especially from the instructions given and asked, that there was no contest or question on the trial in reference to a demand.

The appellant complains next because the court refused to give the following instructions:

"2d. If the jury shall find that the bill of sale was made without any actual consideration as between them, the plaintiff is not entitled to recover the possession of the property described in the bill of sale.

"3d. If the jury shall find that the price of the property mentioned in the bill of sale between the parties has never been paid or tendered by the plaintiff to the defendant, and that the defendant has always retained the possession of such property since the making of said bill of sale, then the

plaintiff will not be entitled to recover the possession of said property in this action."

In so far as they are correct, the substance of these instructions is contained in other charges which were given, but they are not fully correct. Notwithstanding the bill of sale was without consideration, there was evidence tending to show a delivery of possession under it, which, if made, constituted, or at least tended to show, a perfect gift, and if, after making a gift of the property to the appellee, the appellant obtained possession without right, and refused to surrender it on proper demand made, the appellee was entitled to bring the action. The other instruction is wrong, for assuming that the price mentioned in the bill of sale was the true consideration. It was competent to show, and the evidence adduced by the appellee did tend to show, quite a different consideration, and that it was paid before the making of the bill of sale.

There was evidence that the appellant held a mortgage on some land owned by the appellee and her child, and that the parties made an agreement, that, in consideration of the appellee permitting the appellant to foreclose his mortgage, he would pay her the sum of $4,000 ; that the foreclosure was accomplished accordingly, and that the bill of sale, brought into question in this action, was made in part payment of the said sum of $4,000. The appellant requested an instruction to the effect that such an agreement to pay for the right to foreclose, which right he had independent of the agreement, was a nullity, and could afford no consideration for the bill of sale. It is not to be questioned that the appellant had a right to foreclose, if his demand were not paid, but the appellee, at the same time, had the right, by paying the debt, to prevent the foreclosure, and, beyond that, had the statutory right of redemption, and, if the appellant agreed to pay her for foregoing or surrendering these rights, and she made the surrender, his obligation to pay therefor

became perfect, and was a sufficient consideration for the bill of sale. It was, in effect, an agreement for the purchase, by the appellant, of the appellee's interest in the mortgaged land, and that the title should be passed by means of a foreclosure of the mortgage instead of by deed, and, when he obtained the title in that way, he was as much bound to pay the price as if a deed had been bargained for and made.

The further objection is made that the court instructed that the question to be determined by the jury was, whether the plaintiff was the owner of the property; while, as is insisted, the true question was, whether the plaintiff was entitled to the possession. This objection is answered in what we have said upon the subject of demand. Technically, the right of possession was the issue, but practically, it was the right of property; and, therefore, there is no available error in the instruction. If the appellant had deemed it material to have a more accurate statement of the issue, he should have moved for it at the time, but, not having done so, he has no substantial ground for complaint now.

The court gave the following as a part of one of its instructions:·

"If the defendant was indebted to her, he had the right to pay her in property. If he chose so to pay her, and she chose to accept the property in payment, it does not matter that executions may have been outstanding which were liens on the property."

Counsel say that the property had been levied on, and was under the levy when the bill of sale was made, and that the bill of sale was, therefore, void when executed, and could not become valid by a subsequent ratification. But the sale was not void between the parties. The owner of property under the levy of an execution may sell it, and on payment of the execution, the sale, if otherwise valid, is good against the world. The evidence in this case shows, and there is no dispute on the point, that the executions levied on the prop-

erty were paid and satisfied within a short time after the date of the sale bill.

The remaining question arises upon the exclusion of an item of evidence offered by the appellant. The appellee had proved, without objection, that in 1877, after the making of the sale bill, she listed the disputed property for taxation in her own name, and that the appellant made no return thereof, and, for the purpose of showing this, their respective schedules were put in evidence. The appellant then proved by the assessor, that the appellee made no return of the property in 1878, and offered to put in evidence his own return, and thereby, and by the aid of witnesses, to show that the property in suit was listed for taxation against him in 1878. The ruling of the court was right. The appellant may have made the last schedule in anticipation of the proposed use of it in evidence. He could not manufacture evidence for himself in that way. It was, in principle, the same as offering to prove his own declarations, which, though provable against, were not admissible for, him.

The judgment is affirmed, with costs.