Arnold v. Stephenson.

---

No. 8487.

ARNOLD v. STEPHENSON.

STATUTE OF FRAUDS.—*Parol Contract.*—*Part Performance.*—The surrender and acceptance of the possession of land, under and pursuant to a parol contract, constitute such part performance thereof as will take the case out of the statute of frauds.

SAME.—*Payment of Purchase-Money.*—Payment of purchase-money for land will not take a parol contract out of the statute.

SAME.—*Sheriff's Sale and Deed.*—*Title.*—*Vendor and Purchaser.*—Where the purchaser of land under a parol contract has acquired a perfect title by sheriff's sale and deed and has full possession, the vendor may recover the stipulated price.

From the Washington Circuit Court.

*H. Heffren, S. B. Voyles, J. A. Zaring* and *H. Morris,* for appellant.

ELLIOTT, C. J.—The court below sustained a demurrer to the appellant's complaint, and judgment was entered against him, from which he prosecutes this appeal.

The complaint alleges that Lewis M. Edwards recovered judgment against appellant and two others; that execution was issued and levied upon real estate of the appellant; that the property was sold on the 26th day of May, 1877; that prior to that date appellant contracted with the appellee for the purchase of the land; that the appellee agreed to buy at the sheriff's sale, to pay off a mortgage to one John Arnold,. to pay a note executed by appellant to Peter Cauble, to cancel and deliver up to appellant certain notes executed by him,. and to pay the remainder of the stipulated price of $6,000 to the appellant; that, pursuant to the terms of this contract, Stephenson bought the lands at the sheriff's sale for the sum of $10; that in performance of his agreement appellee paid $500. upon the note held by Cauble. It is further alleged that the appellee sold and assigned the certificate to one Lewis M. Edwards, who received a deed from the sheriff and is now in possession under it, and that appellant had no knowledge of the assignment of the certificate until after he had tendered a deed to the appellee. It is also alleged that the appellant tendered to appellee a warranty deed, and that he tendered and surrendered possession of the land. It is charged that " the plaintiff, relying upon the promises, agreements and contracts so made by said defendant with this plaintiff, and expecting him to carry out the same, and having no notice from defendant. that he refused so to do, the time for the redemption for his land expired, and said land is entirely lost to this plaintiff." The complaint avers that the land was worth $10,000, properly assigns breaches of the contract and prays judgment for damages resulting from the breach.

Where possession of land is surrendered and accepted un-

der and pursuant to the terms of a verbal contract, it is such part performance as will take the case out of the statute of frauds. *Rucker* v. *Steelman*, 73 Ind. 396. To have this effect, the possession must be yielded by one party and accepted by the other as done in performance of the contract. The allegations of appellant's complaint do not bring the case within this rule, for they do not show that possession was taken under the contract.

The payment of purchase-money will not take a case out of the statute. *Johnston* v. *Glancy*, 4 Blackf. 94 (28 Am. Dec. 45); *Rucker* v. *Steelman*, *supra*. The part payment of the note to Cauble can not, therefore, be deemed sufficient to defeat the operation of the statute of frauds.

The present case is unlike that of *Rucker* v. *Steelman*, for there the verbal agreement was not made until after a deed had been executed by the sheriff and the title had vested in the purchaser. The verbal contract relied upon in that case was for the purchase of land owned by the person who bought at the sheriff's sale. The resemblance between this case and that of *Tinkler* v. *Swaynie*, 71 Ind. 562, is very close. In principle they are the same. We think that in cases of the class to which the one under consideration and that cited belong it should be held that, where the purchaser receives a sheriff's deed, and acquires full title and complete possession of the land, he can not escape liability upon the ground that the statute of frauds prohibits the enforcement of verbal contracts for the sale of an interest in land. We accordingly hold that, where the agreement is so far performed that the purchaser acquires a perfect title and full possession of the property, the vendor may recover the stipulated price. This is in accordance with the rule stated by Mr. Browne: "When so much of a contract as would bring it within the Statute of Frauds has been executed, all the remaining stipulations become valid and enforceable, and the parties to the contract regain all the rights of action they would have had at common law." Browne Statute of Frauds, sec. 117. This rule secures justice. Appel-

lee obtained a title by the sheriff's sale, and the most rigid adherence to the requirements of the statute could have given him nothing more. The execution of the contract is really none the less complete because the land passes by the sheriff's deed instead of by the conveyance of the appellant. *Schenck* v. *Sithoff*, 75 Ind. 485. Appellee has secured all he bargained for, and he ought to pay what he promised.

It has often been decided that, where a contract has been performed by the conveyance of the property bargained for, the seller may maintain an action upon an implied promise to pay the value of the property. Implied promises of this character are not within the statute. Browne Statute of Frauds, 4th ed., sec.124, authorities in note. This doctrine has received the sanction of this court. *Fisher* v. *Wilson*, 18 Ind. 133.

It is now well settled law, that the statute of frauds can not be made the means of perpetrating a fraud. The complaint states a case within this rule. The appellant parted with a substantial interest in property upon the faith of the appellee's promises and representations; the latter has received all the consideration he asked, or expected, for his promise. The statute ought not to be allowed to enable him to secure the benefit without yielding the agreed consideration.

Judgment reversed.