No. 8204.

HUMPHREY v. FAIR.

CONTRACT.—*Statute of Frauds.*—*Parol Agreement.*—Where a debtor conveyed land to his creditor upon the parol agreement that the latter should sell the same, and, after satisfying the debt out of the proceeds, pay the residue to the debtor, and a sale was accordingly made, the agreement to pay can be enforced, and is not within the statute of frauds.

PLEADING.—*Complaint.*—" *Due and Unpaid.*"—That a sum of money is "due and unpaid," is sufficiently shown by a complaint, if it appear thereby that the event upon which it was to be paid has occurred, and that the defendant is indebted to the plaintiff in that sum.

From the Cass Circuit Court.

*M. Winfield* and *Q. A. Myers*, for appellant.

*D. B. McConnell*, for appellee.

WORDEN, J.—Complaint by the appellee against the appellant, alleging in substance, among other things, that on or about the 21st of March, 1867, the plaintiff, Fair, executed and delivered to the defendant, Humphrey, a mortgage on certain real estate situate in Cass county, Indiana, particularly described, to secure the payment of three promissory notes of $500 each, executed by the plaintiff to the defendant; that when the first note became due the plaintiff was unable to pay it, and it was then agreed between the plaintiff and the defendant that the plaintiff should convey to the defendant his equity of redemption in the land, to hold and sell for the payment of the debt, and any overplus that might arise from the sale was to be paid to the plaintiff; that the defendant received the conveyance and transfer of the land on that condition and agreement and no other; that the defendant subsequently sold the land to one Samuel McCoy for the sum of $2,400 and received the purchase-money in full therefor; that the plaintiff, upon learning that the defendant had sold the land for the above named amount, demanded of the defendant payment of the excess after payment of the sum secured by the mortgage and reasonable expenses of making the sale, and that the defendant refused to make such payment. Wherefore the plaintiff said that the defendant was indebted to him in the sum of one thousand dollars, etc.

The defendant demurred to the complaint for want of sufficient facts, but the demurrer was overruled. He then answered as follows:

1. General denial.

2. Payment.

3. Want of consideration.

4. Statute of limitations of six years.

5. Same in substance as fourth.

Issue and cause submitted to a jury for trial. The defend-

ant demurred to the evidence, and the jury was discharged. The court overruled the demurrer to the evidence, assessed the plaintiff's damages at $461.51, and rendered judgment accordingly.

It is claimed that the court erred in overruling the demur-rer to the complaint, the chief objection to which is that the contract therein alleged is within the statute of frauds. This objection, however, can not prevail.

It may be that the defendant could not have been compelled to sell the land at all, the contract not having been in writing, and that until sold the plaintiff could recover nothing. But the defendant sold the land and thus voluntarily complied with the portion of the contract within the statute. His agree-ment to pay to the plaintiff the overplus which he might re-ceive on sale of the land after paying the mortgage debt was not within the statute at all. The defendant has voluntarily performed that portion of the contract which was within the statute, and he can not claim immunity from the performance of the residue. By the performance of that portion of the contract which was within, he waived the benefit of, the stat-ute. *Tinkler* v. *Swaynie*, 71 Ind. 562, and cases there cited. See, also, *Reyman* v. *Mosher*, 71 Ind. 596; *Arnold* v. *Stephen-son*, ante, p. 126.

It is also urged that the complaint does not show that the plaintiff complied with his part of the contract by conveying the land to the defendant. It was alleged that the defendant received the conveyance and transfer of the land. This means, as we think, taken in connection with the entire allegations of the complaint, that the defendant received the conveyance from the plaintiff; and, if he did, the plaintiff must have made the conveyance.

It is further urged that the complaint was bad because it did not show that the sum claimed was "due and unpaid." The facts alleged show that the plaintiff's claim became due when the defendant received the purchase-money from Mc-Coy; and that it was unpaid was sufficiently shown by the

.allegation that the defendant was indebted to the plaintiff, etc. .*Johnson* v. *Kilgore*, 39 Ind. 147.

There was no error in overruling the demurrer to the complaint. Nor was there any error in overruling the demurrer to the evidence. The evidence tended, to say the least of it, to establish every fact essential to the plaintiff's recovery.

There is no error in the record.

The judgment below is affirmed, with costs.