McOuat *et al. v.* Cathcart *et al.*

No. 8504.

McOuat et al. *v.* Cathcart et al.

MORTGAGE.— *Agreement for Foreclosure.*— *Statute of Frauds.*—A contract whereby a mortgagee agrees, that, in consideration that the mortgagor will permit a foreclosure and pay the costs and attorney's fees, he will bid in the land for the full amount of the debt, is not within the statute of frauds, and will be enforced.

JUDGMENT.—*Satisfaction.*—*Injunction.*—*Practice.*—The summary remedy to obtain satisfaction of a judgment by notice and motion, provided by section 580, R. S. 1881, is not exclusive, but a suit in equity to have satisfaction decreed, and for an injunction preventing collection, may be maintained.

NEW TRIAL.—*Evidence.*—*Supreme Court.*—If there be evidence tending to support the verdict, a new trial for the want of sufficient evidence will not be awarded by the Supreme Court.

From the Superior Court of Marion County.

*R. Hill* and *J. W. Nichol,* for appellants.

*S. Claypool* and *W. A. Ketcham,* for appellees.

BICKNELL, C. C.—The appellees brought this suit against the appellants and others, to obtain a decree declaring a certain judgment satisfied.

The amended complaint states that in April, 1873, the defendant Robert L. McOuat sold certain land to Edwin H. Lamme, and took in part payment therefor six notes, each for $499.77, dated in April, 1873, and payable to said defendant in one, two, three, four, five and six years, respectively; that Lamme sold the land to the plaintiffs, who assumed payment of the notes and paid the two which became due in 1874 and 1875 respectively, and then proposed to McOuat to reconvey the land to him if he would release them from the payment of the remaining notes, but he refused, and put the notes in the hands of Roache & Lamme, his attorneys, for collection; that plaintiffs then agreed with Roache & Lamme, as attorneys of McOuat, that McOuat should foreclose the mortgage by which said notes were secured, and take his decree, and at the foreclosure sale should bid in the property at the full amount

of all the encumbrance upon it, in consideration of plaintiffs' permitting him to take such decree, and paying him the costs of the suit and an attorney's fee of $50; that, plaintiffs believed said attorneys had authority to make such agreement, and plaintiffs complied with their part of it; that, at the date of the agreement, the notes of 1878 and 1879 were not due, and there was no stipulation in the mortgage that all should be due on failure to pay any, and that, without said agreement, plaintiffs would not have permitted said decree of foreclosure; that afterwards they learned that said attorneys were not authorized to make said contract, but that said McOuat, after the foreclosure decree, and before the sale, ratified the agreement; yet at the sale, instead of bidding for the property the full amount of the encumbrance, he bought the property in at $1260, and has ever since refused to satisfy the judgment, and has his order of sale in the hands of the defendant Pressley, as sheriff, who is threatening to levy the same on the property of the plaintiffs; that plaintiffs have always been ready to perform their part of the agreement, and that on Aug. 23d, 1877, they offered said McOuat $105 more than the amount of said costs and attorney's fees, and tendered him a deed of release of the property, executed by them and their wives; that they bring said $105 and said deed into court for the defendant; that there are no other liens on the property. The complaint prays for a decree satisfying the judgment, or else that the sale be set aside and the foreclosure suit dismissed at the costs of the defendants McOuat, Roache and Lamme.

The suit was afterwards dismissed as to Roache and Lamme; Pressley, the sheriff, answered by a general denial; McOuat demurred to the amended complaint. His demurrer was overruled. He then answered by a general denial. Upon a jury trial a verdict was found for the plaintiffs. With their verdict the jury returned answers to interrogatories as follows:

" 1. Did the defendant direct Lamme to attend the sale of the said mortgaged property, and bid therefor the amount that was due when the decree of foreclosure was rendered? Ans. Yes.

"2. Did the defendant ever authorize Lamme to bid for the said property any greater sum than was due at the time the decree of foreclosure was rendered? Ans. Yes.

"3. Did the defendants ever empower Lamme to make an agreement with the plaintiffs that he would bid for such property the entire amount secured by said mortgage? Ans. Yes.

"4. Did the defendant, when informed that such an agreement had been made, disown the act of Lamme and refuse to carry the same out? Ans. He did not disown the act, but did refuse to carry the same out.

"5. Were the plaintiffs informed by Lamme and the defendant McOuat, before the sale, that McOuat would bid for such property the amount only that was due when the decree of foreclosure was rendered? Ans. No.

"6. Did the defendants in the said action (No. 19,230) for a foreclosure of said mortgage, have any defence to the said action? Ans. Yes.

"7. Were the defendants in the said foreclosure action represented by counsel, and did such counsel file an answer? Ans. No.

"8. Were the defendants in said action prevented from setting up any defence, or from procuring some person to purchase for them the mortgaged property at the sale under the foreclosure, by the acts of McOuat or Lamme? Ans. Yes.

"9. If the plaintiffs herein were injured by the act of the defendant, or his attorney, then state how, in what manner, and to what extent were they so injured? Ans. By McOuat not complying with the agreement on which plaintiffs base this action."

No objection was made on the ground that these answers, or any of them, did not fully answer the questions.

The defendant moved the court for judgment upon the special findings, notwithstanding the general verdict for the plaintiffs; this motion was overruled; the defendant then moved the court for a new trial, and this motion was overruled and judgment was rendered on the verdict against Mc-

Ouat for costs, and declaring the mortgage satisfied, and that the $105, paid into court by plaintiffs, should be delivered to McOuat.

The defendant, according to a statement in the record, then moved to modify said judgment, but there is nothing in the record showing what the proposed modification was; the record states that said motion is not on file.

From this judgment the defendant appealed to the superior court in general term, assigning errors as follows:

1. In overruling the demurrer of R. L. McOuat to the amended complaint.

2. In overruling the motion for judgment on the special findings, notwithstanding the general verdict.

3. Overruling the motion for a new trial.

4. Overruling the motion to modify the judgment.

The superior court, in general term, affirmed the judgment of the court in special term.

The defendant then appealed to this court, making here the following assignment of error, to wit: The court, in general term, erred in affirming the judgment of the court in special term.

The first question arising upon the demurrer to the amended complaint is, what was the nature of the contract alleged in the complaint? The appellants claim that it was substantially an agreement for the sale of lands, and was, therefore, within the statute of frauds.

The plaintiffs held the title; had they agreed to sell the land to McOuat, the contract, if not in writing, would have been within section 1 of the statute of frauds, 1 R. S. 1876, p. 503, and an action could not have been maintained upon it.

The contract sued on was not in writing, but it was not a contract for sale; a sale requires some act which conveys or transfers title, either legally or equitably; in this case there was to be no such act; the plaintiffs agreed to permit McOuat to foreclose his mortgage although two of the notes were not yet due; their agreement was, in substance, to make no

defence to the foreclosure suit; to pay the costs of it and $50 besides, and, by implication, not to bid against McOuat at the foreclosure sale. Under such an agreement, there is no contract to sell or convey land; when a mortgagor agrees with his mortgagee not to ·defend a foreclosure suit, he does not· thereby agree to sell him the land; the mortgagee may never get the land although the contract be fully performed, because at the sale another may bid more than the mortgagee, and so buy the land, and whoever may buy it will take it under the foreclosure decree, and not by sale from the mortgagor. The cases of *Sands* v. *Thompson,* 43 Ind. 18, *Carlisle* v. *Brennan,* 67 Ind. 12, *Suman* v. *Springate,* 67 Ind. 115, and *Johns* v. *Johns,* 67 Ind. 440, cited by appellant, were all cases of express contracts to sell land.

The case of *Wheeler* v. *Reynolds,* 66 N. Y. 227, cited by appellant, was an agreement creating a trust in land, which, under another statute, was required to be in writing. We think the contract stated in the complaint was not within the statute of frauds; but, if it were, the rule is, that where a party to such a contract has received the entire benefit of it by a full execution thereof so far as the other party is concerned, a court of equity will not permit the statute to operate so as in effect to accomplish a fraud, on the pretence of preventing fraud.

It is alleged against the complaint, that judgments can be satisfied only as provided by section 377 of the civil code of 1852. That section gives a convenient and summary remedy by notice and motion, but it does not impair the established power of courts of general jurisdiction to afford relief, in the proper cases, by decreeing satisfaction, upon a complaint for that purpose. There is no substantial difference between decreeing satisfaction of a judgment and perpetually enjoining the collection of it. The case of *Foist* v. *Coppin,* 35 Ind. 471, cited by appellant, was a proceeding before a justice of the peace, whose court is of inferior and limited jurisdiction, and can exercise no power not authorized by statute.

There was no error in overruling the demurrer to the amended complaint.

The second error assigned is expressly waived by the appellant in his brief.

Under the third error assigned, the reasons for a new trial were as follows:

1. The general verdict was not sustained by, but is contrary to, the evidence.

2. The answers of the jury to the second, third, fourth, fifth, sixth, seventh and ninth interrogatories are not sustained by, but are contrary to, the evidence.

3. The special verdict is contrary to the evidence.

4 and 5. The court erred in its instructions.

As to the first three of these reasons for a new trial, there was evidence tending to sustain the general verdict, and, also, the special findings; therefore, they can not be disturbed. *Toohy* v. *Sarvis*, 78 Ind. 474; *Ohio, etc., R. W. Co.* v. *Selby*, 47 Ind. 471 (17 Am. R. 719). The fourth and fifth reasons for a new trial are not alluded to in the appellants' brief, and are, therefore, regarded as waived.

The fourth and last assignment of error, upon the refusal to modify the judgment, presents, the appellants say, the same questions involved in the demurrer to the amended complaint. The motion to modify not being in the record, we know nothing about its form, but the agreement, as hereinbefore stated, shows upon its face a sufficient consideration. *Schenck* v. *Sithoff*, 75 Ind. 485. The plaintiffs fully performed their part of it; if McOuat had performed his part, the debt due from the plaintiffs would have been extinguished.

The judgment places the parties in substantially the same position which they would have occupied had McOuat performed his contract. We think it ought to be affirmed.

· Per Curiam.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.