Stephenson v. Arnold.

10,499.

## STEPHENSON v. ARNOLD.

STATUTE OF FRAUDS.—*Contract.*—Whenever so much of a contract as would otherwise be within the statute of frauds is executed, the remaining stipulations may be enforced.

VENDOR AND VENDEE.—*Contract.*—*Title.*—When a vendor actually secures to his vendee the title contracted for orally, the purchase becomes valid, and the purchaser is bound for the purchase-money, according to the terms of his promise.

From the Washington Circuit Court.

*D. M. Alspaugh, J. C. Lawler,* — *Mitchell* and — *Mitchell,* for appellant.

*S. B. Voyles, H. Morris, J. A. Zaring* and *H. Heffren,* for appellee.

ELLIOTT, J.—In the case of *Arnold* v. *Stephenson,* 79 Ind. 126, we held the appellee's complaint sufficient, and that ruling controls the case throughout all its subsequent stages, so that, if we were disposed to change our decision, a settled principle would prevent us from doing so. We have not, however, the slightest reason to doubt the soundness of our former decision. The proposition there laid down is, that when that part of a contract is executed which is within the statute of frauds, all the remaining stipulations become valid and enforceable. This is good law. *Day* v. *Wilson,* 83 Ind. 463 (43 Am. R. 76); *Schenck* v. *Sithoff,* 75 Ind. 485; *Tinkler* v. *Swaynie,* 71 Ind. 562; *Reyman* v. *Mosher,* 71 Ind. 596; *Humphrey* v. *Fair,* 79 Ind. 410; *Curran* v. *Curran,* 40 Ind. 473; *Smith* v. *Felton,* 85 Ind. 223; *McOuat* v. *Cathcart,* 84 Ind. 567; Browne Stat. Frauds, sec. 117. The complaint now before us is substantially the same as that passed upon in our former decision, and must be held sufficient.

There is much conflict in the evidence as to the character of the agreement between the parties, but we think there is evidence fairly supporting the verdict. The testimony of Horace Heffren is very full, and is of itself sufficient to sup-

port the finding upon this point. The testimony of this witness shows a sale of the land by the appellee to the appellant. The agreement which this witness testifies to was one wherein the appellee sold the land to the appellant, the latter undertaking to pay for it $6,000, payment to be made partly by discharging claims against the former, and partly in money. The contract stated in this testimony was one of sale outright, and not merely an agreement to buy the land at the sheriff's sale and hold it for the appellee. The only particular in which the contract differed from ordinary contracts for the sale of land is, that one of the conveyances was to be taken from the sheriff.

The fact that a contract for the sale of lands provides for a conveyance by a third person does not prevent its enforcement by the vendor in case the conveyance bargained for is executed or tendered. The case is in principle the same as that of *Schenck* v. *Sithoff, supra.* It certainly can make no difference whether the title comes from the vendor himself or some third person, for if the purchaser gets title he is, to borrow the language used in the case cited, "as much bound to pay the price as if a deed had been bargained for and made."

Where a vendor offers to the purchaser or fully secures to him the title contracted for, he is entitled to recover the purchase-money, although the contract was by parol. The promise to pay the price is not within the statute, and when the agreement to convey is carried into effect recovery may be had on the promise, for in such a case that part of the contract within the statute is executed. This is the rule declared in the cases cited, and it is a just and equitable one. It would be inequitable to permit a purchaser to get the real estate he bargained for, and by the title for which he contracted, and then escape payment of the agreed price.

The appellee, in his own testimony, did not state the agreement between him and the appellant as favorably to himself as some of the other witnesses, and counsel insist that the case should be decided upon his own testimony. We do not think the jury were bound to act upon the appellee's testimony, to

the exclusion of other evidence; we think they had a right to consider his intellectual capacity, his memory, the accuracy of his knowledge of language and like matters, and, taking all these things into consideration, determine whether he or the other witnesses stated the agreement with the most accuracy and fulness. It was the duty of the jury to arrive at the truth from all of the witnesses, and not act upon the testimony of one of them alone, unless they believed it to be the more accurate and complete.

There are some circumstances seemingly inconsistent with the appellee's theory of the case, but the jury had all the facts before them, and, with ample opportunity for securing full knowledge of the facts, found in favor of the appellee, and we can not interfere with their finding.

Judgment affirmed.

Opinion filed at the November term, 1882.
Petition for a rehearing overruled at the May term, 1883.