Landers v. Beck et ux.

No. 9979.

## LANDERS v. BECK ET UX.

PLEADING. —*Complaint.* —*Demurrer.* —A complaint averring facts upon which the plaintiff is entitled to some relief is good on demurrer, and the extent of the relief due can not be determined upon demurrer.

MORTGAGE.—*Deed.*—*Defeasance.*—*Parol Agreement to Reconvey.*—*Breach.*—*Statute of Frauds.*—*Bankruptcy.*—A deed absolute in form, executed and received in pursuance of a parol agreement that it shall be held as security for a debt, and that the grantee will make advances to the grantor for certain purposes, and upon being reimbursed for such advances, and payment of his own claim, will reconvey. is a mortgage. The parol defeasance is not within the statute of frauds, after the deed has been executed, and a breach of the parol agreement by the grantor, by repudiating it, conveying the land, and refusing to make the advances, creates a cause of action. But if it appears that the conveyance was void under the act of Congress by reason of the bankruptcy of the grantor, the suit will fail.

INSTRUCTION.—*Evidence.*—An instruction which assumes the truth of a fact concerning which the evidence is conflicting, is erroneous.

From the Hamilton Circuit Court.

*T. J. Kane, T. P. Davis, C. Byfield* and *L. Howland,* for appellant.

*F. M. Trissal* and *R. R. Stephenson,* for appellees.

ELLIOTT, J.—It is alleged in the complaint of the appellees, that they are husband and wife; that the husband Francis M. Beck, owned land of the value of $15,000, personal property of the value of $4,000, and a judgment for $1,193; that he was indebted to a firm, of which the appellant was a member, in the sum of $2,500, and that on the 14th day of September, 1876, a verbal agreement was made between him and the appellant. This agreement is thus set forth in the complaint, viz.: "In consideration that the plaintiffs would join in the execution of a deed, conveying the real estate aforesaid, and would transfer said personal property, and assign said claim on Joseph A. Beck, to him, said Landers, that he would hold the title to said land, so conveyed, appar-

ently as an absolute conveyance, but in reality merely as a security for the indebtedness owing to him, said Landers, and the firm of which he was a member, and in trust for the plaintiff; that after such conveyance the plaintiff should remain in possession of and cultivate said land and raise stock thereon, and, he, said Landers, would advance money and furnish stock to be kept and fed thereon, and out of the proceeds of said stock, and the proceeds of the personal property and judgment aforesaid, together with such other means as might be obtained from any other sources by said Beck, after ample time had been given him for the accumulation of such profits, the realization of such proceeds and the acquirement of such means, the indebtedness to said Landers should be paid; and said Landers should pay off a judgment against said Beck in favor of one Lunhom, and should also furnish to and aid and assist said Beck in raising any sums of money necessary to pay off and discharge any and all liens against his property, and to pay all his debts, thereby preventing his property from being levied upon, taken, or sold. It was also then agreed that after full payment had been made to said Landers, and the firm of which he was a member, and after all the other debts owing by Beck had been satisfied and discharged, and after said Landers had been reimbursed in full, with interest for all moneys advanced, said Landers is to reconvey all the real estate aforesaid to the plaintiffs." It is averred that the land was conveyed and the personal property and judgment transferred as stipulated in the oral contracts; that Beck, in all other respects, performed his agreement, "except that he was unable to pay his other debts in full, because of the failure and refusal of Landers to furnish money and provide means to enable him so to do, and that Landers, about one year after receiving the deed to the land, openly repudiated and disavowed the agreement, and without the consent of the plaintiffs conveyed all of the real estate to the defendant Gustavus H. Voss, and has thereby put it out of his power to convey a good and valid title to the plaintiffs."

It is well settled that if a complaint states such facts as entitle the plaintiff to some relief, in the form of action adopted, it will be held good on demurrer. *Bayless* v. *Glenn*, 72 Ind. 5, and cases cited.

The question as to the amount of recovery does not arise upon a demurrer to a complaint; for, if the facts stated constitute a cause of action, the measure of damages is to be determined at a subsequent stage of the proceedings.

The complaint entitles the appellees to some relief because it sets forth a valid contract, shows performance on their part, and a breach on the part of appellant.

The title to the land did not pass from the appellees for the reason that the deed although absolute on its face was a mortgage, and a mortgage does not convey title. It creates a lien, but conveys no estate. It, therefore, appears on the face of the complaint, that the title still remained in appellees burdened with appellant's lien, and that there was no agreement to convey land within the meaning ascribed by the courts to the statute of frauds. When the conveyance was executed, it became, according to the complaint, a mere mortgage, and the case is within the rule that a deed absolute on its face may be shown to be a mortgage.

Where all that part of a contract which is within the statute is performed, it is taken out of the statute and the contract may be enforced. In the case before us the complaint shows a conveyance by deed to Landers of the land and his promise, yielded as a consideration for the conveyance, to perform certain acts, and this promise is enforceable. It would be so even though the appellees had not been the original owners of the land. *Tinkler* v. *Swaynie*, 71 Ind. 562; *Reyman* v. *Mosher*, 71 Ind. 596; *Schenck* v. *Sithoff*, 75 Ind. 485; *Arnold* v. *Stephenson*, 79 Ind. 126; *Humphrey* v. *Fair*, 79 Ind. 410; *Felton* v. *Smith*, 84 Ind. 485, 491; *Stephenson* v. *Arnold*, 89 Ind. 426; *Butt* v. *Butt*, 91 Ind. 305. We need not and do not decide to what relief the facts pleaded entitle the

plaintiffs, for it is enough to declare that they are sufficient to entitle them to some relief.

The complaint avers that the appellees performed their contract in so far as they were not prevented by the appellant, and thus shows that they were not in default. Where performance is prevented by the act of the defendant, the plaintiff is excused from a full performance. But, in the present instance, it is made to appear that the appellant has disabled himself from reconveying the land according to his agreement, and appellees had, therefore, a right to bring an action without further performing their part of the contract.

A breach of the contract is shown by the averments which charge that the appellant had openly repudiated the contract, had failed to advance money as agreed, had failed to pay the debts he promised to discharge, and had conveyed the land he had agreed to hold as the security for his debt. What the measure of damages is can not, as we have seen, be determined upon the demurrer to the complaint.

The exceptions are in the record by a bill of exceptions filed at the term in which the verdict of the jury was returned. Where a bill of exceptions is filed at the term at which the verdict is rendered, it will be presumed, as to all the rulings on the trial, that leave was obtained to reduce the exceptions to writing at the time the rulings were made. *Pitzer* v. *Indianapolis, etc., R. W. Co.,* 80 Ind. 569; *Boyce* v. *Graham,* 91 Ind. 420; *Calvert* v. *State,* 91 Ind. 473.

In the special bill of exceptions filed during the term, it is stated that " the plaintiffs requested the court to instruct the jury in writing, and as follows, which said request and the instructions asked by the plaintiffs are in the words and figures following," and this statement is followed by the request and instructions. This sufficiently shows what the instructions were, and another statement shows 'that they were given as requested, and brings them into the record.

At the close of these instructions it is stated: "And to the giving of each of which of the said instructions said defend-

ant at the time excepted." This reserves the question. Exceptions to instructions may be reserved by a bill of exceptions as well as by notes upon the margin of the instructions. Works Pr., section 796; *Newby* v. *Warren*, 24 Ind. 161.

In one of the instructions, given at the instance of the appellees, is the following statement: "And in determining the amount of damages you should charge Landers with the fair value of the land and of the personal property transferred to him, the rents and profits of the lands, if any, the profits, if any, from the stock raised and fed by the plaintiffs, and all the sums of money paid to him by the plaintiffs, or others, for their use, if any was so paid." The court erred in assuming that personal property was transferred to Landers. It is a settled rule that instructions must not assume as true any facts where the evidence is conflicting, and in view of the evidence in this case, it is clear that injury was done the appellant by the violation of this rule.

There was evidence tending to show that Landers did not receive a deed from the appellees until after Francis M. Beck had been adjudged a bankrupt, and his property transferred to an assignee, and it is urged that the sixth instruction given at the request of the appellees is, under this evidence, erroneous. That instruction reads as follows: " If the plaintiffs have proved the allegations of their complaint by a preponderance of the evidence, it is no defence that the transfer of the property was prohibited by the bankrupt act, or was made to cheat, hinder or delay the creditors of Francis M. Beck, and in the absence of any other defence your finding should be for the plaintiffs." We think the contention of the appellant must prevail.

The appellees were bound to show performance by the conveyance of title, and if the husband had no title when the conveyance was made, it is plain that he could not perform his oral contract upon which this action rests. It must be borne in mind that the appellees ground their action upon this oral agreement, and aver performance by the conveyance of title,

and the general denial put them to proof of performance, and entitled appellant to introduce evidence tending to negative that required of them. If the law prohibited Francis M. Beck from conveying, then he was disabled from performing his agreement, and could not enforce it.

It must also be kept in mind that the oral agreement, until carried into execution by a conveyance, was not enforceable. In holding the complaint good, we proceeded upon the ground that, according to its averments, so much of the contract as was within the statute of frauds had been executed by the conveyance of the land; but this is far from holding the oral agreement valid and enforceable at its inception. If it were not for the averment of performance by conveyance of the land, the oral agreement would have been clearly within the statute and not enforceable. Until the conveyance Landers acquired no enforceable contract rights, and if the appellees could not convey when the deed was finally executed, it is clear they could not, and did not, perform their part of the agreement.

Other questions are discussed, but as the case must go back for another trial, we do not deem it necessary to pass upon them.

Judgment reversed.

Filed Dec. 12, 1883.