Shade v. Creviston *et al.*

No. 10,816.

SHADE *v.* CREVISTON ET AL.

PROMISSORY NOTE.—*Action by Assignee.*—*Accord and Satisfaction.*—Accord and satisfaction between the maker and payee of a promissory note not payable in bank, agreed upon before notice to the maker of assignment of the note, is a good defence to an action thereon, by the assignee, against the maker.

SAME.—*Notes Secured by Mortgage.*—*Agreement.*—*Statute of Frauds.*—*Waiver of Right to Redeem.*—Where one of a series of such notes secured by mortgage has been assigned to one who, in an action against the mortgagor and mortgagee, procures a decree of foreclosure as to such note only, and buys in the mortgaged property, a contract between the mortgagor and mortgagee that the latter will release the former from liability on the other notes if the mortgagor will not redeem from such sale, is not within the statute of frauds, and, if performed by the mortgagor, is a good defence to an action upon such notes by a subsequent assignee.

SAME.—*Representations of Value.*—*Fraud.*—Misrepresentations made by a vendor to his vendee, as to the value of the thing sold, do not constitute fraud.

SAME.—*Admissions of Holder.*—*Evidence.*—The admissions of the holder of a non-negotiable note, made while he holds the note, are admissible in evidence against his assignee.

SUPREME COURT.—*Objections to Evidence.*—*Record.*—*Bill of Exceptions.*—To present any question to the Supreme Court upon the admission or rejection of evidence, the record must show that specific grounds of objection were made to the trial court.

From the Huntington Circuit Court.

*W. H. Trammel* and *T. L. Lucas,* for appellants.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman, B. F. Ibach* and *W. A. Branyan,* for appellees.

ELLIOTT, J.—The complaint of the appellant is based upon a note and mortgage and is in the usual form. The first paragraph of the appellee's answer avers that the note and mortgage were executed to appellant's assignor for the unpaid balance of purchase-money of the real estate described in the mortgage; that the appellee William Creviston, by whom the note was executed, was a young man without knowledge of the value of " saw-mill property ; " that appellant's as-

signor was an expert and knew the value of such property, and fraudulently represented that the saw mill, for which the note was executed, was of the value $2,300, " when he well knew the same was of the value of $800, and the appellee, relying on his representations and believing them to be true, did purchase the same ; " it is also alleged that " the real estate without the mill was of the value of .$150, and that the mill was of the value of $700, and that the appellees paid the assignor of the plaintiff in money, work, goods, lumber chattels and real estate the sum of $1,000, which he accepted in full satisfaction of all of said debt, and that such satisfaction was had and agreed upon before notice of assignment."

We think the paragraph is good, although it is very badly drawn. We place our decision on the ground that it shows an accord and satisfaction prior to notice of the assignment by the payee of the note. The note is not a negotiable one, and the defence pleaded is available against the assignee, because it is shown to have existed before notice of assignment.

The second and third paragraphs of the answer are substantially the same. It is alleged in each of them that while Hubbell, the payee, was still the holder of the note and mortgage, a suit was brought on one of the series of notes executed by the appellees and secured by this mortgage and assigned to one John Kenower ; that Hubbell and the appellees were made parties to that suit ; that a decree of foreclosure was rendered and sale made under it ; that after the sale Hubbell verbally agreed with the appellees, that if they would not redeem the land he would treat the money and property which they had previously paid and delivered to him as a full satisfaction of his claim and would release them from liability, and that he would protect himself by redeeming from the sale on Kenower's decree and would not hold the appellants personally liable on any of the notes ; that they did not redeem from the sale, but suffered title to be acquired by the purchaser.

These answers were good. The right of a debtor to redeem is a valuable one, and its surrender constitutes a suffi-

cient consideration to support a contract. *McOuat* v. *Cathcart*, 84 Ind. 567. Hubbell's promise made before assignment bound his assignee Shade. Such a contract is not within the statute of frauds. *Landers* v. *Beck*, 92 Ind. 49; *Butt* v. *Butt*, 91 Ind. 305; *Rector* v. *Shirk*, 10 Ind. 719; *Stephenson* v. *Arnold*, 89 Ind. 426.

There was no error in refusing to strike out the interrogatories propounded, on cross-examination, to Hubbell. The admissions of the holder of a non-negotiable note, made while he is still the holder of the note, are admissible against his assignee.

As to many of the questions sought to be reserved on the rulings excluding and admitting evidence, it is to be said that they are not properly reserved. In order to reserve questions upon such rulings, it is necessary to state specific objections to the trial court, and to carry into the bill of exceptions the objections stated. *City of Delphi* v. *Lowery*, 74 Ind. 520 (39 Am. R. 98).

The second instruction given by the court does not state the law correctly, nor does the first upon the same subject given at the request of the appellees. The latter instruction is as follows: "The defendant in this case admits the execution of the note sued on, but says that the same was not given for a valuable consideration; that the same was given for a saw-mill property which the assignor of the note herein sued on sold to the defendant, which said assignor fraudulently represented to be of the value of $2,300; that the assignor was an expert in saw-milling, and well knew the said mill was not worth $2,300, and that the defendant was young and inexperienced in this business, and not conversant with the value of saw-mill property, and that he relied upon the statements of the assignor, and believed them to be true, and purchased said property, agreeing to pay therefor $2,300. Now, if the proof in this case shows that such statements were untrue, and this defendant relied on them as true, and that

he was not a judge of the value of such property and the sel-ler was, and this defendant has paid all that the property was worth at the time of the sale, you must find for the defendant.''

It is a settled general rule that representations of value do not constitute fraud, and the case assumed by the instruc-tion does not emerge from this rule.   There were no confi-dential relations existing between the parties, and, in such cases, the general rule is that statements of value are regarded as mere expressions of opinion.   *Hartman* v. *Flaherty*, 80 Ind. 472; *Kennedy* v. *Richardson*, 70 Ind. 524; *Vawter* v. *Ohio, etc., R. R. Co.*, 14 Ind. 174; *Chrysler* v. *Canady*, 90 N. Y. 272, S. C., 43 Am. R. 166.   Nor does it appear in the case assumed that the appellant's assignor represented him-self as a specialist having a peculiar knowledge of saw-mills, nor does it appear that it was necessary for one to possess a special knowledge in order to enable him to judge of value. *Neidefer* v. *Chastain*, 71 Ind. 363 (36 Am. R. 198); *Clodfelter* v. *Hulett*, 72 Ind. 137.   Judgment reversed.

Filed Jan. 11, 1884.

### ON PETITION FOR A REHEARING.

ELLIOTT, J.—We held in the original opinion that a sur-render of a right to redeem was a valuable consideration for a contract, and we are well satisfied that this was correct.  We cited in that opinion many cases showing that the right to re-deem was a valuable one, and we deem it unnecessary to re-peat them.   It is, indeed, quite clear on principle that such a right is one of value.   Counsel say:  " If we are not right, we beg the court for information, and earnestly ask what was Hubbell to have for his unexecuted promise to give up the notes, or what did he get, or could he have acquired, under the alleged contract that was or could have been a mill's con-sideration to him."   It is very easy to give the appellant's learned counsel the information they so much desire.   The consideration which appellant got was all he asked, and we understand it to be perfectly well settled that where a party

gets all the consideration he asks he can not be heard to complain. We know of no case questioning this elementary rule, and do know of many sustaining it, among them *Hardesty* v. *Smith*, 3 Ind. 39; *Harvey* v. *Dakin*, 12 Ind. 481; *Baker* v. *Roberts*, 14 Ind. 552; *Taylor* v. *Huff*, 7 Ind. 680; *Louden* v. *Birt*, 4 Ind. 566; *Smock* v. *Pierson*, 68 Ind. 405, S. C., 34 Am. R. 269; *Neidefer* v. *Chastain*, 71 Ind. 363, S. C., 36 Am. R. 198; *Williamson* v. *Hitner*, 79 Ind. 233; *Wolford* v. *Powers*, 85 Ind. 294, S. C., 44 Am. R. 16. If other authorities are thought necessary, they will be found in abundance in the case last named.

It is not essential that the thing parted with be of value to the person who gets it; it is sufficient if the thing parted with is of value to the person who parts with it. This is an elementary principle which we think no court or law-writer has ever doubted. Addison says: "It is sufficient, if there be any damage or detriment to the plaintiff, though no actual benefit accrue to the party undertaking." Addison Con., section 9. FRAZER, C. J., speaking for the court, in *Glasgow* v. *Hobbs*, 32 Ind. 440, puts the rule in stronger terms, for it was said by him: "An inconvenience to the promisee constitutes a consideration to support a contract quite as effectual as a benefit to the promisor." Chitty says: "Unless it appear that the promisee incurred no detriment whatever, it need not be shown, in order to constitute a good consideration, that a benefit resulted to the promisor, from the performance by the promisee to the stipulated act." 1 Chitty Con., 11 Am. ed., 31.

Petition overruled.

Filed March 6, 1884.