## McCoy et al v. McCoy et al.

[No. 4,181. Filed December 9, 1903.]

STATUTE OF FRAUDS.—*Sale or Exchange of Lands.—Oral Contract.*— The provisions of the statute of frauds prohibiting the enforcement of parol contracts for the sale of real estate apply with equal force to contracts for the exchange of real estate. *p. 42.*

PLEADING.—*Presumption as to Oral Contract.*—Where no written contract for the exchange of real estate is pleaded, it will be presumed that the contract was oral. *p. 42.*

DEEDS.—*Execution of Mortgage by Grantee.—Acceptance.*—The execution of a mortgage by a grantee, on lands conveyed to him, constitutes an acceptance by such grantee of the deed of conveyance. *p. 43.*

VENDOR AND PURCHASER.—*Enforcement of Vendor's Lien.—Estoppel.*— A grantor is not precluded from enforcing a vendor's lien because he had previously prosecuted unsuccessfully a suit to set aside the sale for fraud. *p. 45.*

ELECTION OF REMEDIES.—*Action Not Inconsistent with True Remedy.*— A party who believes he has two remedies is not deprived of all

McCoy v. McCoy.

remedies because he first tries a wrong one, which is not inconsistent with his true and effectual remedy. *p. 46.*

CONTRACT.—*Right of Third Party to Enforce.*—*Notice of Acceptance.*—*Demand.*—A beneficiary under a contract, although not a party thereto, may maintain an action on the contract without notice of acceptance or demand, and the commencement of an action to enforce the promise is both an acceptance and a demand. *pp. 46, 47.*

SAME.—*Action by Third Party to Enforce.*—*Complaint.*—In an action on a contract by a third party who was a beneficiary thereunder, it is not necessary that the complaint aver that some consideration moved from such third party to the original contracting parties, or one of them. *pp. 46, 47.*

From Decatur Circuit Court; *F. T. Hord*, Judge.

Suit by James T. McCoy against Curtis McCoy and others. Defendant Arabella McCoy filed cross-complaint. From judgments for plaintiff and cross-complainant, defendants Curtis McCoy and another appeal. *Affirmed.*

*J. K. Ewing* and *C. H. Ewing*, for appellants.
*Cortez Ewing* and *J. F. Goddard*, for appellees.

WILEY, P. J.—Appellee James T. McCoy was plaintiff below, and appellants, Curtis and Carrie McCoy, and appellee Arabella McCoy were defendants. Appellee's complaint was originally in ten paragraphs, the seventh, eighth, ninth, and tenth of which were dismissed. A demurrer to each of the others was overruled. Curtis McCoy answered in nine paragraphs, all of which were dismissed but the second and fourth. Appellee Arabella McCoy filed a cross-complaint, to which a demurrer was overruled. Appellants' first and second paragraphs of answer were held bad on demurrer. Trial by the court, and a general finding for appellee James T. on his complaint, and for the appellee Arabella on her cross-complaint. All of the rulings on the pleadings which were unfavorable to appellants are assigned as errors.

Curtis and Arabella McCoy are son and daughter of James T., and Carrie McCoy is the wife of Curtis. Appellee James T. contends that the record affirmatively shows

that the finding and decree are based on the fourth and fifth paragraphs of the complaint, and hence the ruling on the demurrer to the other paragraphs is not available, even though they might not be good as against a demurrer for want of facts. We can not concur in this contention. The several paragraphs of the complaint are substantially the same, and it does not affirmatively appear from the record upon which particular paragraph or paragraphs the court based its finding. We think it is proper for us to say, in view of the prolixity of the complaint before us, that there is no defensible reason or excuse for encumbering a record by so many paragraphs of complaint, when every fact relied upon and pleaded might properly have been grouped in one, and at most two, paragraphs. Such practice is not to be commended, and is not productive of healthful results.

In the first paragraph of complaint it is alleged that on December 12, 1896, appellee James T. McCoy was the owner in fee simple of a certain described tract of land, consisting of 239 66-100 acres; that on that day he sold and conveyed the same, by warranty deed, to appellant Curtis McCoy, for the agreed price of $12,000, upon the following terms, viz., $2,000 cash, $1,000 to be paid by appellant Curtis to appellee Arabella McCoy, $2,000 as an advancement by James T. to Curtis, and the conveying by Curtis to James T. of certain described real estate of the agreed value of $7,000, which said real estate was to be conveyed free and unencumbered; that at the time the said Curtis agreed and promised to pay and satisfy a certain mortgage for $2,000 on part of the real estate he was to convey to his father; that he tendered to James T. deeds of conveyance for said real estate purporting to convey the same free and unencumbered, which appellee James T. refused to accept until the said mortgage lien should be discharged; that the said Curtis refused to pay and satisfy said mortgage, and still refuses; that said real

McCoy *v.* McCoy.

estate has since been sold on a decree of foreclosure of said mortgage, and said Curtis has failed to pay the balance of $7,000 of the purchase price of the real estate conveyed to him, and that the same is due; that, after the acceptance of the conveyance to him by appellee James T., the said Curtis, on March 6, 1899, conveyed and mortgaged said real estate to his wife and co-appellant Carrie McCoy for the alleged sum of $7,350, due three months from date; that when said mortgage was executed to her the said Carrie had full knowledge that her co-appellant Curtis had failed and refused to pay appellees, James T. and Arabella, the $2,000 and $1,000, respectively, which he agreed to pay as a part of the purchase price for the real estate conveyed to him, and that he had failed and refused to pay and discharge the encumbrance upon the real estate which he agreed to convey to his father, and also knew that the latter would not accept a conveyance thereof until said encumbrance was discharged. It is also averred that appellant Curtis has no other property subject to execution. The prayer of this paragraph is that appellee have judgment for $10,000; that a vendor's lien for the same be declared; that said lien be declared superior to the mortgage of appellant Carrie; and that it be foreclosed against the real estate conveyed by James T. to Curtis.

The second paragraph is so similar to the first that we do not discover any material difference between them, and it is useless to restate its averments.

The third paragraph contains all the essential averments of the first, and some additional averments as to that part of the contract by which Curtis was to pay, as a part of the purchase money, $1,000 to his sister. These additional averments are not essential in determining the sufficiency of this paragraph of complaint.

As to the fourth, fifth, and sixth paragraphs, the most careful scrutiny has failed to disclose any substantial difference between them and the first. Counsel have not

pointed out any difference, and in their brief, and also in oral argument, they have urged the same objections to all.

The scope and tenor of each paragraph of the complaint is to obtain a decree to enforce a vendor's lien for unpaid purchase money. The facts upon which appellee bases his right to equitable relief are fairly well pleaded, and the demurrer questions their sufficiency.

The principal objection urged to the complaint, and we think the most important one, is that it affirmatively appears that the contract relied upon was in parol, and as it was for the exchange of lands was within the statute of frauds, and for that reason not enforceable. The statute relied upon by appellant in specific terms prohibits the enforcement of parol contracts for the sale of real estate. §6629 Burns 1901. The provisions of the statute apply with equal force to contracts for the exchange of real estate. *Bradley* v. *Harter,* 156 Ind. 499. Appellants' position is therefore impregnable, unless, from the facts pleaded, we can say the contract has been taken out of the statute of frauds; for as no written contract is pleaded the presumption is that it was oral. *Langford* v. *Freeman,* 60 Ind. 46; *Goodrich* v. *Johnson,* 66 Ind. 258; *Carlisle* v. *Brennan,* 67 Ind. 12.

Because a contract is, in the first instance, voidable under the statute of frauds, it does not necessarily follow that it can not be enforced, for some subsequent act of the parties may vitalize it and take it without the inhibition of the statute. Thus it has been held that when that part of the contract for the sale of lands which is within the statute is executed by the vendor, by which he vests in the vendee title, thus securing to him that for which he contracted orally, and the deed is accepted by him, he is bound for the purchase money, for the promise to pay the purchase price is not within the statute. *Stephenson* v. *Arnold,* 89 Ind. 426; *Arnold* v. *Stephenson,*

McCoy v. McCoy.

79 Ind. 126; *Day* v. *Wilson,* 83 Ind. 463, 43 Am. Rep. 76; *Sands* v. *Thompson,* 43 Ind. 18, 22; *Huston* v. *Stewart,* 64 Ind. 388, 395; *Schierman* v. *Beckett,* 88 Ind. 52. This is not an action for specific performance, but to enforce a vendor's lien for purchase money where the vendor has in fact parted with his title, which he agreed orally to convey.

Counsel for appellant do not seriously controvert the announced rule that part performance may be sufficient to avoid the statute of frauds, but seek to parry its force and effect by asserting that the complaint does not show part performance, in that it does not show an acceptance of the deed from father to son. It is urged that the mere averment that he accepted the deed is a conclusion of law and not the statement of a substantive fact. Without stopping to consider this assumption, we are clear that there is another averment in each paragraph which conclusively shows an acceptance. It is averred that after the execution of the deed from James T. to Curtis the latter executed to his wife a mortgage for $7,350 upon the real estate so conveyed to him. This fact, like all other facts well pleaded, is admitted by the demurrer, and, regardless of the averment of acceptance, it clearly appears that he did in fact accept the conveyance so made.

Appellants are presumed to have known the law, and must have known that a mortgage executed by Curtis to his wife, in the absence of title in him, would have been worthless, and hence without benefit to her. By this mortgage they both treated the real estate as vested in him, and they can not now successfully assert nonacceptance of the conveyance. To declare a contrary rule would open the door for the perpetration of unwarrantable frauds. Courts are not organized and maintained to lay down rules of law under and by which designing persons may perpetrate frauds upon their neighbors or those with whom they deal, but, on the contrary, one of the highest duties of

courts, and especially courts of equity, is and should be sacredly to guard and protect against fraud, and in case of fraud to secure to the injured party his legal and equitable rights. The maxim that for every wrong there is a remedy should not be lost sight of in the administration of the law and the application of the principles of equity.

Under the averments of the complaint the appellee James T. McCoy parted with valuable property, and therefore lost a substantial right, for he has not received any consideration or thing of value in return. To this extent he has suffered a wrong, and by the terms of his complaint his only remedy is that which he here seeks to enforce, viz., a vendor's lien. If he has brought himself within the rules of pleading—for the sufficiency of his complaint is now the only question we are considering—then the court would be remiss of its duty if it did not enforce his remedy. It would be a travesty upon the law to declare that if John Doe and Richard Roe would agree orally to exchange lands, and the latter should accept a conveyance from the former of his lands, and then refuse or for some reason be unable to convey to Doe the latter's lands, that the injured party should lose his property, and not have the right to enforce any remedy against the one that wronged him. And yet that is the very doctrine for which appellants are contending. We can not adopt such a rule, and the authorities will not warrant it. See *Shirk* v. *Lingeman,* 26 Ind. App. 630.

The legislative branch of the state government never intended that in passing the statute of frauds it should become a shield for the perpetration of fraud, but rather an impregnable bulwark against its perpetration. *Caylor* v. *Roe,* 99 Ind. 1.

Other objections are urged to the complaint, but, in our judgment, they are not well taken, and need not be considered. There was no error in overruling the demurrer.

The next question discussed is the ruling of the court in sustaining the demurrer to the second paragraph of answer to the complaint. The material averments of this paragraph of answer are that after the execution of the contract set up in the complaint, and before the commencement of the present action, appellee James T. McCoy brought and prosecuted to an unsuccessful termination an action in the Decatur Circuit Court against appellee Curtis McCoy to cancel and annul the contract now sued on; that in his complaint in that action he set up the same contract he now seeks to enforce, and averred that deeds were executed from Curtis McCoy and wife to James T. McCoy for the two tracts of land Curtis was, under the contract, to convey to him; that a deed was executed by James T. to Curtis for the 239 66-100-acre tract; that said deeds were left with one Lambert in escrow, upon certain conditions specified; that said Lambert violated said conditions by delivering the deeds to Curtis McCoy, and that they were procured by the fraud of Curtis; that no title passed by said deeds; and asked that said deeds be canceled, and Curtis be compelled to convey, etc. Upon these facts the prayer of the answer was that James T. be estopped to plead the matters set up in his complaint. Appellant claims that this paragraph of answer is good upon the sole ground that appellee James T. in that action selected his remedy, and by reason thereof is estopped from pursuing a different one.

The controlling question that arises under this paragraph of answer is this: Was the election of the remedy first chosen by appellee inconsistent with the remedy he now seeks? If it was, then he would be estopped from pursuing the latter. If an action to cancel a contract, wherein the complaining party fails, is inconsistent with an action to enforce his rights under the contract, it would create an estoppel. We are unable to see any inconsistency between them. The action for cancelation in this

instance was based upon fraud. By the decree of the court that issue was determined adversely to appellee, and left the contract in force as the parties made it.

A party who imagines he has two or more remedies, or who misconceives his rights, is not to be deprived of all remedy because he first tries a wrong one which is not inconsistent with his true and effectual remedy which he should have pursued in the first instance. *Bunch* v. *Grave,* 111 Ind. 351; *Lee* v. *Templeton,* 73 Ind. 315; *Kelsey* v. *Murphy,* 26 Pa. St. 78, 83; *Morris* v. *Rexford,* 18 N. Y. 552. Election of remedies is the act of choosing between the different modes of procedure and relief allowed by law on the same state of facts, which modes may be termed coëxisting remedies. 7 Ency. Pl. & Pr., 361. The result of appellee's first action left him where he was in the first instance, and his present action to enforce his only remedy · is not inconsistent therewith. The answer was insufficient to stand against the attack of a demurrer.

The sufficiency of the cross-complaint of appellee Arabella McCoy is brought in review by the overruling of the demurrer to it. In the cross-complaint she sets up the facts stated in the complaint, by which it is averred that under the contract between her father and brother for exchange of lands, the latter, as a part of the consideration, agreed and promised to pay her $1,000. With the cross-complaint a copy of the deed from James T. to Curtis is filed as an exhibit. That deed contains this provision: "As a part of the consideration for the above described real estate the grantee is to pay Belle McCoy, daughter of grantor, the sum of $1,000." The objection urged to the cross-complaint is that it does not show any election of the cross-complainant to claim the benefit of the contract, or that she notified the parties that she had elected or would claim any ‚benefits under it. ‚The purpose and legal effect of that part of the contract ‚between the contracting parties was to bestow a benefit upon a third per-

McCoy *v.* McCoy.

son.· There was a valid and sufficient consideration moving from the grantee in the deed· to support his promise to pay his sister $1,000.   In such case the promisee may maintain an action on the promise without notice of acceptance or demand, and the commencement of an action to enforce the promise is both an acceptance and demand. *Rodenbarger* v. *Bramblett,* 78 Ind. 213-216; *Copeland* v. *Summers,* 138 Ind. 219-223; *Risk* v. *Hoffman,* 69 Ind. 137-139.   It was not necessary, as contended by counsel for appellants, that the cross-complaint should aver that some consideration moved from the promisee to the original contracting parties or one of them.    *Waterman* v. *Morgan,* 114 Ind. 237; *Harrison* v. *Wright,* 100 Ind. 515, 533, 50 Am. Rep. 805; *Rodenbarger* v. *Bramblett, supra.* We find no error in overruling the demurrer to the cross-complaint.

The remaining question for consideration is the sufficiency of the second paragraph of answer to the cross-complaint.   The substance of the answer is that the cross-complainant never served notice on the parties, and that in the action between them to cancel the contract she aided and abetted her father; that she did not thereafter elect, by notice or otherwise, that she would claim any rights thereunder, and by reason of which she waived her rights. What we have said in discussing the sufficiency of the cross-complaint is applicable here, and the demurrer was properly sustained.

Judgment affirmed.