Aughie *v.* Landis.

Filed May 16, 1884.

---

No. 10,978.

## AUGHIE *v.* LANDIS.

CONTRACT.—*Complaint.*—*Husband and Wife.*—*Street Improvement.*—A complaint against husband and wife alleged a contract by which the plaintiff undertook to make certain improvements on a street adjoining a lot of the wife, for which the defendants were to pay him a certain sum which the wife agreed should be a charge upon the lot; that the plaintiff performed the work according to the contract, and the defendants, though requested, refuse to pay. The plaintiff having dismissed as to the wife, the husband demurred for want of facts. *Held,* that the complaint, though informal, was good on demurrer.

SAME.—In an action upon a contract where the general averments of the complaint show that the claim is due and unpaid, the complaint is sufficient without averring such facts in terms.

STATUTE OF FRAUDS.—One who, upon his own credit, employs another to perform work for a third person, is liable for its payment.

From the Cass Circuit Court.

*D. D. Dykeman, W. T. Wilson* and *G. C. Taber,* for appellant.

*D. B. McConnell, R. Magee* and *S. T. McConnell,* for appellee.

HAMMOND, J.—The appellee filed his complaint in the court below against Catherine Aughie and the appellant, charging, in substance, that in October, 1876, he entered into a contract with the defendants to make certain street inprovements in the city of Logansport, in front of, and along, certain lots owned by said Catherine, for which the defendants were to pay the plaintiff a stipulated compensation; that the defendant Catherine agreed with the plaintiff that such work should be a charge upon her said lots; that the plaintiff performed the work according to the contract, "but that the defendants have refused, and still refuse, to pay the same, although often requested so to do."

The appellee dismissed as to Catherine. A demurrer to the complaint, for want of facts, was filed by the appellant and overruled by the court, to which ruling the appellant excepted. Issues were joined and tried by a jury, and a verdict returned for the appellee. Judgment was rendered on the verdict over the appellant's motion for a new trial. A number of errors are assigned, but the only one discussed in the appellant's brief relates to the sufficiency of the complaint.

We think the complaint was good. While the averments are not made directly, the facts stated show that the appellee's claim was due and unpaid. As the contract did not specify when the appellee was to do the work, the law required its performance in a reasonable time. The complaint avers that the work was done according to the contract. This is equivalent to alleging that it was done in a reasonable time after the making of the contract. As the contract made no provision when the work was to be paid for, the law required its payment as soon as completed. The averment in the complaint that the work had been finished shows that the contract price for the work was due. That it is unpaid is shown in the allegation that "the defendants have refused and still refuse to pay the same, although often requested so to do."

In an action upon a contract, if the general averments

of the complaint show that the plaintiff's claim is due and unpaid, it is sufficient without making such averment directly.

The allegation in the complaint that the work was to be a charge on Catherine's lots may be regarded as surplusage.

The appellant's contract was not within the statute of frauds. By employing the appellee to do the work, he did not thereby agree to pay Catherine's debt, but was contracting a debt of his own. If, as we may infer from the complaint, the improvements were required to be made by the city council, and were chargeable to Catherine's property, still the appellant would be liable, if the appellee did the work under a contract with him alone, or jointly with him and Catherine. One who employs another upon his own credit to perform work for a third person is liable for its payment.

The appellee's complaint stated a good cause of action. The demurrer to it was rightly overruled.

Judgment affirmed, at appellant's costs.

Filed May 15, 1884.