Singleton v. O'Blenis et al.

No. 14,359.

SINGLETON v. O'BLENIS ET AL.

ACTION.—*By Assignee of Claim.*— *Venue.*—*Statute Construed.*—Section 312, R. S. 1881, providing that "any action brought by the assignee of a claim arising out of contract, whether assigned in writing or by delivery, shall be commenced in the county where one or more of the parties immediately liable to judgment and execution reside," has no application in a case where the action is *in rem* and the party immediately liable is a non-resident.

SAME.—*Parties to.*—*Equitable Assignment.*—*Statute Construed.*—Section 276, R. S. 1881, providing that " When any action is brought by the assignee of a claim arising out of contract, and not assigned by endorsement in writing, the assignor shall be made a defendant, to answer as to the assignment or his interest in the subject of the action," must be construed with sections 251 and 269, R. S. 1881, providing respectively that "Every action must be prosecuted in the name of the real party in interest," and "Those united in interest must be joined as plaintiffs or defendants." The section has no application in a case where the obligee, who has assigned an interest in the claim, is urging the assignment. In such case the assignor and assignee are proper party plaintiffs, and the obligor will be as fully protected by the judgment of the court as though the obligee was a party defendant.

PLEADING.—*Demurrer.*—*Jurisdiction.*— *Waiver.*—Where a defendant appears and demurs to a complaint he waives all question as to the court's jurisdiction over his person.

SAME.— *Variance.*—*Effect of.*—A variance between a copy of a contract filed as an exhibit and the complaint, will be disregarded on appeal. As the variance could have been avoided by amendment at the trial, the amendment will be presumed to have been made.

SAME.—*Real Estate Agent.*—*Action for Commission.*—*Allegation of Performance of Contract.*— *When not Necessary.*—Where an agent contracted to sell certain real estate on commission within a certain time, and the owner reserved the right of making a sale in the meantime, but in case he did so the agent was to receive the same fee as if he had effected a sale, and a sale was made by the owner within seventeen days after the contract was made, the agent, in order to recover on his contract, was not required to allege performance on his part.

SAME.—*Allegation that Claim is Due and Unpaid.*— *When not Required.*—In such case it appearing, taking the pleading as a whole, that the claim was due and unpaid, the plaintiff was not required to allege in express terms that fact.

From the Starke Circuit Court.

*G. A. Scott* and *J. W. Nichols*, for appellant.
*A. I. Gould* and *G. A. Murphy*, for appellees.

BERKSHIRE, C. J.—This action rests upon a written obligation, executed by the appellant to the appellee O'Blenis, a one-half interest in which he transferred by an equitable assignment to his co-appellee Prettyman.

The appellant addressed a demurrer, assigning several causes, to the complaint, and the court having overruled the same he reserved an exception, and upon proof made, the court rendered judgment for the appellees.

The first objection urged against the complaint is based upon the last clause of section 312, R. S. 1881, which reads : " But any action brought by the assignee of a claim arising out of contract, whether assigned in writing or by delivery, shall be commenced in the county where one or more of the parties immediately liable to judgment and execution reside, and not elsewhere."

This provision of the statute has no application in a case like the present, where the action is *in rem*, and the party immediately liable is a non-resident.

Antecedent to this statute an evil existed which it was intended to remedy.

It often occurred that the holder of a claim arising out of contract, residing in a different county in the State from the one in which the person against whom the claim was asserted resided, because of convenience to himself, or for some other reason, desired to have the action commenced in his own county. To accomplish this end all that was necessary was to make an equitable assignment of the claim ; in that case, the assignor being a necessary party, the courts of his county were invested with jurisdiction over the persons of all the parties defendant.

But if the statute under consideration applied, when the appellant appeared and demurred to the complaint, he waived all question as to the court's jurisdiction over his person.

*Bauer* v. *Samson Lodge, etc.,* 102 Ind. 262 ; *Slauter* v. *Hollowell,* 90 Ind. 286.

The second objection to the complaint rests upon the first clause of section 276, R. S. 1881 : "When any action is brought by the assignee of a claim arising out of contract, and not assigned by endorsement in writing, the assignor shall be made a defendant, to answer as to the assignment or his interest in the subject of the action."

This provision must be construed with other sections of the statute upon the same subject.

The first part of section 251 reads : "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section."

That part of section 269 applicable to the question under consideration reads : "Of the parties in the action, those who are united in interest must be joined as plaintiffs or defendants; but, if the consent of any one who should have been joined as plaintiff can not be obtained, he may be made a defendant."

In view of the provisions in these two sections the action was necessarily brought in the name of the two appellees. It certainly could not have been the legislative intention in any case to require that a party plaintiff appear as a defendant to his own cause of action.

The purpose of section 276, *supra,* is to protect the obligor to a contract, when sued upon it by one claiming to be its assignee, from a future action brought by the obligee, and can have no application to a case where the obligee is before the court urging the assignment. The obligor in such a case will be as fully protected by the judgment of the court as though the obligee was a party defendant. *Groves* v. *Ruby,* 24 Ind. 418.

The third objection is that the complaint does not allege facts sufficient to constitute a cause of action.

The obligation sued upon is not in good legal form, and the complaint discloses great want of care in its preparation.

As we construe the obligation, the appellant being the owner of an eighty-acre tract of land in Starke county, State of Indiana, which he desired to sell, constituted the appellee O'Blenis his agent to negotiate a sale; for his services in case he succeeded in effecting a sale, the said agent was to receive $100.

The duration of the agency was six months from September 7th, 1883, unless sooner terminated by the making of a sale.

The appellant, in the meantime, had the privilege of negotiating a sale, but in case he did so the said agent was to receive the same fee as if he had effected the sale.

It is contended that the complaint is bad : 1. Because the cause of action alleged is not joint, but is a several cause of action in favor of the appellee O'Blenis. 2. That it is bad for the reason that it nowhere alleges that O'Blenis performed the conditions of the contract on his part; and, 3. It is bad because it fails to allege that the claim sued upon is due and unpaid.

After much hesitation we have come to the conclusion that the complaint is sufficient. It alleges that the contract was made with reference to real estate situated in North Bend township, in said county, while the copy of the contract, filed as an exhibit, locates it in Washington township, in the said county.

Because of this disagreement between the complaint and the exhibit, it is contended that it does not appear that the appellee Prettyman has any interest in the contract of which the exhibit purports to be a copy, and that the exhibit must control as to the contract sued upon, and therefore it does not appear that he has any interest in the cause of action. But it is expressly averred in the complaint that " Exhibit A " is a copy of the contract which was assigned. The variance could have been avoided by amendment on the trial, and will be so regarded by this court.

No one will controvert the rule that a party who seeks to

enforce a contract must allege performance on his part, or a legal excuse for non-performance. If the theory of the complaint was that O'Blenis had made the sale, unless it alleged such facts as to indicate a sale upon the terms and conditions agreed upon, it would be bad. But as we have seen the appellant reserved the right to himself of making a sale, but in case a sale should be made by him, O'Blenis was to be paid his fee the same as if he had found the purchaser. There is no general averment of performance on the part of O'Blenis, nor does it appear that he had taken any steps looking to a negotiation of a sale, but it is averred that the appellant, within seventeen days after the execution of the contract, sold the property. The contract rested upon a sufficient consideration, and the appellant having made the sale in such a short time after its execution, we think there is disclosed such a performance of the conditions upon which the compensation of the agent depended as to entitle him thereto.

What our conclusion might be had the sale which the appellant made not taken place until near the end of the time given O'Blenis in which to make a sale, is a question that we are not called upon to decide. It may be that if he made no effort to negotiate a sale of the real estate after a reasonable time had elapsed, it would be treated as an abandonment of the contract on his part, and if so, his complaint would be infirm did it not disclose some effort on his part to comply with the conditions of the contract, or contain a general averment of performance to that effect.

We recognize the rule which requires, in an action to recover damages for breach of contract, that the complaint allege non-payment and that the claim is due. But this may not be alleged in express terms. If, taking the pleading altogether, it appears therefrom that the claim is due and unpaid, this is sufficient. *Humphrey* v. *Fair*, 79 Ind. 410; *Aughie* v. *Landis*, 95 Ind. 419; *Wagoner* v. *Wilson*, 108 Ind. 210; *Jaqua* v. *Cordesman, etc., Co.*, 106 Ind. 141. In

the last cited case it is held that a complaint on account for work and labor performed at the request of the defendant, which charges that the defendant is indebted to the plaintiff, but omits to allege that the debt is due and unpaid, is good.

In view of these authorities we hold the complaint good in this particular.

Judgment affirmed, with costs.

Filed Sept. 23, 1890.