Romaine v. Judson et al.

Filed May 26, 1891.

---

No. 14,711.

ROMAINE v. JUDSON ET AL.

PARTIES.—*Action by Ward After Attaining Majority.—Contract for His Benefit. —Necessary Parties.*—A. was indebted to plaintiff upon certain notes payable to his guardian, representing the balance of purchase-money for a stock of goods belonging to the ward and purchased by A. Thereafter A. sold said stock of goods to the defendants, who each agreed to pay said notes, and jointly also promised to do so, and relieve A. from all legal responsibility in the payment of the same. The ward, when he attained his majority, settled with his guardian, and in the settlement said notes were transferred to him. He brought suit against the defendants on the contract entered into between them and A. in reference to the payment of said notes.

*Held,* that the defendants could be sued jointly.

*Held,* also, that A. was not a necessary party to said action, the complaint not seeking to affect or change in any way his rights as fixed by the contract entered into between him and the defendants.

SAME.—*Pleading.—Answer.—Rescission of Contract Before Acceptance.—Written Agreement.—Parol Agreement in Contravention of.*—A paragraph of answer in such an action pleading a rescission of the contract before any acceptance of it by the plaintiff or his guardian for him, states a good

defence, but a paragraph of answer pleading a parol agreement in contravention of the written agreement is bad.

SAME.—*Answer.—Contract.—Plea of Mutual Mistake.—Fraud.—Reformation of Contract.—Misrepresentations of Law.*—A paragraph of answer in such an action which alleges a mutual mistake in the contract, and seeks to have it reformed, is good, as is also a paragraph which alleges that the defendant was induced by fraud to accept the bill of sale containing said contract, setting up the facts as to what the true contract was, and the fraudulent representations and deceit by which he was induced to accept it, and asking for its reformation. A paragraph is bad which alleges misrepresentations as to the law, and the necessity for a written contract, and as to the legal effect of the contract in question.

From the Elkhart Circuit Court.

*H. C. Dodge*, for appellant.

*W. L. Stonex* and *E. E. Mummert*, for appellees.

OLDS, C. J.—In March, 1884, the appellant was a minor and Edmund R. Kerstetter was his guardian. At said date said guardian sold a stock of goods belonging to said ward to Levi W. Deitch, and as part of the purchase-money said Levi W. Deitch executed to Kerstetter two promissory notes, one for two hundred and fifty dollars and one for five hundred dollars. Said notes were signed by Levi W. Deitch and Henry Deitch. In November, 1884, said Levi W. Deitch sold said stock of goods to defendants, John L. Judson and Henry Deitch. At the time of the sale Levi W. Deitch executed to said Judson and Henry Deitch a bill of sale for said stock of goods, in which it was stipulated that the consideration therefor was to be "the payment by Henry Deitch of one note of two hundred and fifty ($250) dollars, payable to E. R. Kerstetter, guardian; also of one note of five hundred ($500) dollars, held by E. R. Kerstetter, guardian," etc., describing other notes; "and the payment by John L. Judson of one note of five hundred ($500) dollars, payable to E. R. Kerstetter, guardian, and one note of two hundred and fifty ($250) dollars, payable to E. R. Kerstetter, guardian. The notes aforesaid are signed, the first by Levi W. Deitch and Henry Deitch, the second by Levi W. Deitch

and John L. Judson." Then follows the following stipulation: "Said Henry Deitch and said John L. Judson do, well and truly, agree to pay the aforesaid notes and relieve the said Levi W. Deitch from all legal responsibility in the payment of the same," etc.

After the execution of the bill of sale containing the agreement above set out, the appellant arrived at the age of majority and settled with his guardain, and in the settlement the notes were transferred to and became the property of the appellant, and he brings this suit against the appellees on the contract in the bill of sale transferring the property to them.

The complaint is in three paragraphs. The first and third paragraphs are to recover the amount of the note given for two hundred and fifty dollars, and the second is to recover the amount of the note given for five hundred dollars.

The appellees demurred to each paragraph of the complaint, for want of facts, and for a defect of parties defendant, in that Levi W. Deitch was not made a party defendant, which demurrers were overruled, exceptions reserved, and the ruling assigned as cross-error. As the validity of the complaint is material in passing upon the errors which are to be hereafter considered, we deem it best to consider the cross-error first.

It is first urged that the complaint is bad, for the reason that the contract is a joint and several one in so far as the appellees are concerned; that the agreement is that appellee Deitch will pay certain notes, and that Judson will pay certain other notes, as stated in the first part of the contract, and that they can not be sued jointly for the notes. We do not think the contract bears the construction contended for by the counsel for the appellees. The contract contains an express agreement, on the part of both the appellees, to pay the notes, and to relieve the said Levi W. Deitch from all legal liability for the payment of the same; while it is stip-

ulated in the first part of the contract that each is to pay certain notes, it concludes by a joint promise on the part of both appellees to pay all of the notes. As between the two. appellees a different liability may exist. But we are not dealing with the question of their liability to each other; nor do we deem Levi W. Deitch a necessary party defendant. It is a contract for the benefit of the appellant, and he is the real party in interest. The complaint seeks to enforce the contract as made, and in no way to affect or change the rights of Levi W. Deitch, as fixed by the contract. Appellant is seeking only to take the benefit of the contract as made. To enforce the contract as made by Levi W. Deitch for appellant's benefit, the benefits derived from such enforcement inure to the benefit of the said Levi W., as it results in the payment of a debt for which he is liable. If the interests of Levi W. were to be in any way affected, or changed from that stipulated in the contract, then he would be a proper, if not a necessary, party. In the case of *Powers* v. *Fletcher*, 84 Ind. 154, it was held that where one partner agreed with the other to pay the debts of the firm, on dissolution, that in a suit by a creditor, on the contract, against the partner agreeing to pay the debts, the other partner was not a necessary party defendant, and that is the same question presented in this case. The firm was indebted to a third person; one of the partners entered into a contract with the other for the benefit of the creditor, by which one of the partners was to pay the debt. The creditor takes the benefit of the contract, and sues the partner agreeing to pay, not making the other partner a party. In this case Levi W. Deitch was indebted to the appellant upon a note payable to his guardian; said Levi W. makes a contract for the benefit of the appellant with the appellees, whereby the appellees agree to pay the debt, and appellant brings this suit against the appellees on the contract, to enforce the contract as written, and Levi W. is not a necessary party to the action upon the complaint.

The appellee Judson filed an amended answer and cross-complaint in eight paragraphs.

The first is a general denial.

The appellant demurred to each paragraph of answer except the first. The demurrer was sustained as to the second and seventh, and overruled as to the others; exceptions were reserved, and errors assigned in overruling the demurrer as to each.

The third paragraph of answer we thinks pleads a rescission of the contract before any acceptance of it by the appellant or his guardian for him, and there was no error in overruling the demurrer to it.

The fourth paragraph of answer pleads a parol agreement in contravention of the written agreement.

It is clearly bad, and the demurrer should have been sustained to it.

The fifth paragraph is in the nature of a counter-claim or cross-complaint. It alleges a mutual mistake in the contract, and seeks a reformation of the contract.

It is suggested that this paragraph is bad, for the reason that Levi W. Deitch is not a party to it, but it is not demurred to for this reason, and hence no question as to defect of parties is presented. The paragraph we think states facts sufficient to constitute a defence.

The sixth paragraph alleges misrepresentations as to the law and the necessity for a written contract, and as to the legal effect of the contract in question. The demurrer should have been sustained to it.

The court erred in overruling the demurrer addressed to this paragraph.

The eighth paragraph of answer is addressed to the third paragraph of the complaint, and alleges that said appellee was induced by fraud to accept said bill of sale containing said contract, setting up the facts as to what the true contract was, and the fraudulent representations and deceit by

which he was induced to accept it, and asking a reformation of the contract.

The facts stated in this paragraph are sufficient to entitle the defendant to a reformation of the contract, and to avoid his liability for the amount of the note. The demurrer was properly overruled.

There is no question presented as to the necessity of making Levi W. and Henry Deitch parties to this paragraph. The paragraph is more than an answer; it seeks affirmative relief.

For the errors of the court in overruling the demurrers to the fourth and sixth paragraphs of answer the judgment must be reversed.

The other questions presented may not arise on a re-trial of the case.

Judgment reversed, at the costs of the appellees, with instructions to sustain the demurrer to the fourth and sixth paragraphs of answer.

Filed Jan. 29, 1891.

## On Petition for a Rehearing.

OLDS, J.—As we interpret the peculiar phraseology of the reasons given by counsel in this petition for rehearing, this rehearing is asked on account of the alleged error of the court in holding the fourth and sixth paragraphs of answer bad.

As to these paragraphs of answer in the original opinion we said :

" The fourth paragraph of answer pleads a parol agreement in contravention of the written agreement. It is clearly bad, and the demurrer should have been sustained to it."

We thought this statement sufficient in passing upon a paragraph of answer so clearly bad. The contract referred to is a contract for the sale of a certain stock of goods by Levi W. Deitch to Henry Deitch and John L. Judson. The consideration for the sale is the payment of certain notes. The

sale and transfer of the goods is a sale and a transfer to Henry Deitch and John L. Judson jointly, and an agreement on their part as follows :

" Said Henry Deitch and said John L. Judson do well and truly agree to pay the aforesaid notes to relieve the said Levi W. Deitch from all legal responsibility in the payment of the same. Said Levi W. Deitch does sell, convey and set over to the said Henry Deitch and John L. Judson for their own use and purposes the above described property."

In the contract prior to the description of the property, these words are used : " Has bargained and sold to Henry Deitch, of Elkhart county, and State of Indiana, and to John L. Judson, of Elkhart county, and State of Indiana, the goods and chattels described as follows, to-wit : " These are the only words of bargain and sale. It is true, in the first part of the contract there is a separate statement that each of the parties agrees to pay certain notes, describing them, but the sale by the contract is a sale to Deitch and Judson, jointly, and a joint agreement on their part to pay the notes, and save Levi W. Deitch harmless, and so far as their liability to Levi Deitch is concerned they are each bound for the payment of all the notes and to protect and save Levi W. Deitch harmless. There is no ambiguity in the language used. And in the fourth paragraph of answer the appellee Judson pleads a parol contract in contravention of this contract as a defence to their written contract and in avoidance of his liability. That this can not be done is too plain to admit of discussion, hence we disposed of it very briefly in the original opinion.

As to the sixth paragraph counsel discuss a different proposition from the one presented by the pleading. The question presented by the pleading is the one briefly stated and disposed of in the original opinion, and the paragraph of answer is bad.

Petition for rehearing is overruled.

Filed June 10, 1891.