## FOSTER *v.* LEININGER.

[No. 4,724.    Filed October 25, 1904.]

CONTRACTS.—*Conditions Precedent.—Repudiation.—Pleading.*—In an action on a contract for damages for failure of defendant to construct a telephone line to plaintiff's premises, it was not necessary to aver in the complaint that plaintiff had erected, at his own expense, suitable poles on which to attach the wires as the contract required, where it was alleged that plaintiff was ready and willing to perform all of the conditions of the contract imposed upon him, and that defendant had repudiated the contract. *pp. 672, 673.*

CONTRACTS.—*For Benefit of Third Person.—Enforcement.*—A contract be-
tween two parties, made for the benefit of another, may be enforced by
such other party, although he was not a privy to it, and no considera-
tion passed from him to the party bound.    *p. 673.*

SAME.—*For Benefit of Third Person.—Acceptance Implied.*—It is not neces-
sary in a suit on a contract made by others for plaintiff's benefit to al-
lege an acceptance of the contract, since an acceptance is implied from
bringing the suit.    *p. 674.*

From Jackson Circuit Court; *T. B. Buskirk*, Judge.

Action by John Q. Foster against Charles Leininger.
From a judgment for defendant, plaintiff appeals. *Re-
versed.*

*O. H. Montgomery*, for appellant.

*S. A. Barnes*, for appellee.

WILEY, J.—The only question presented by this appeal
is the sufficiency of appellant's amended complaint, to
which a demurrer was sustained in the trial court. The
material facts pleaded are that in February, Oliver M. and
Edward E. Foster were the owners of a body of real estate
in Jackson county, through and along which a public high-
way ran; that on said day they conveyed and released in
writing to appellee the right to construct, maintain, and
operate a telephone line along and upon the said highway,
and that appellant was on said day, and still is, the owner
of a farm with dwelling-house thereon, in which he resided,
and still resides, in said county, which farm is situate near
to the Seymour, Uniontown, and Crothersville public high-
way. It is alleged that on said day appellee was the owner
and operator of a telephone exchange in the city of Sey-
mour, with a franchise and right to operate the same, and
was engaged in operating said telephone exchange, which
was connected with the principal business houses and pri-
vate residences in said town, and was also connected with
other telephone lines, extending to various towns in said
counties, and to many other cities and towns in the State of
Indiana; that the patrons of said telephone system were
entitled to communication, by means thereof, with all pa-

trons of the city of Seymour and the patrons of all other lines in said county without payment of any additional charges, other than regular monthly rates, which right was then and there of great value.

It is further averred that on said day, as a part of the consideration for the grant executed by Oliver M. and Edward E. Foster to appellee, he executed and delivered to them a certain instrument in writing, whereby he agreed to place in the residence of appellant a telephone, and connect the same with said Seymour telephone exchange, and granted to him all the rights and privileges of other patrons and subscribers, and agreed to maintain and keep it in good repair, together with the connections therefor, for a period of five years, for which service appellant was to pay $1 per month at the expiration of each month; that he agreed to put in said telephone for appellant and make said connections on or before June 1 of said year, and that, for a valuable consideration passing from appellee to the said Oliver M. and Edward E. Foster, they executed said agreement for the use and benefit of appellant, and that appellee received from them said grant and release in writing, and that he accepted all the provisions of said contract so made for the use and benefit of appellant; that on the 13th day of May, and afterward, appellant notified appellee of his acceptance of the terms of said contract, and requested appellee to place said telephone in his residence, and to connect the same with the said telephone exchange, as he had agreed to do, and appellant thereupon expressed his readiness and willingness to pay the telephone rentals agreed upon, and that he was on the 1st day of June, and at all times before, ready and willing to comply with all the terms and conditions of said contract on his part, but that the defendant refused to comply with the conditions imposed upon him, and repudiated said agreement, and would not perform the conditions therein provided for him to perform, and refused to place said telephone in appellant's residence, or to

make connection between the same and the telephone exchange in Seymour, and that he still so refuses to do; and that, by reason of appellee's refusal to perform the conditions of the contract to be performed by him, appellee will be deprived of the privileges and benefits accruing to him under said contract for the term of five years, all to his damage in the sum of $500.

The contract relied upon is made an exhibit to the complaint, and is as follows: "As a part of the consideration for a release of a right of way to erect and maintain a telephone line along a public highway adjoining the premises of Oliver M. Foster and Edward E. Foster in Jackson and Vernon townships in Jackson county, Indiana, executed on this date by them to the undersigned, the undersigned Charles Leininger hereby agrees to place in each of the residences of said Oliver M. Foster, Edward E. Foster, and John Q. Foster a telephone, and connect the same in proper manner with the Seymour telephone exchange, and grant to each of them all the rights and privileges of other subscribers of the Seymour telephone exchange, and to maintain and keep in good repair said telephones, with their connections, for a period of five years from this date, in consideration of the payment on the part of each of them to him of the sum of $1 per month to be paid at the end of each calendar month, such telephone to be placed and connected at any time designated by either or all of said parties on or before the 1st day of June, 1902, provided that said John Q. Foster shall at his own expense erect suitable poles upon which to attach telephone lines, extending from the main line of the Seymour, Uniontown, and Crothersville highway to his present residence, dated this 13th day of February, 1902. Charles Leininger."

One of the objections urged by counsel for appellee to the complaint is that it is not enforceable at the suit of appellant, because it is not averred that he had erected, at his own expense, poles upon which to string wires. In this

connection it is argued that the erection of the poles was a condition precedent to his right to demand the placing of the telephone in his house, and connecting it with wires leading to the exchange. This would certainly be a correct statement of the law, if appellee had performed all the conditions of the contract on his part. But it is averred that appellee repudiated the contract, and refused to put in the telephone and properly connect it. The law does not require a useless thing to be done, and it would have been useless for appellant to have erected the poles, in the face of the fact that appellee had repudiated the contract. The complaint does allege that appellant was ready and willing to perform all the conditions imposed upon him.

It is a firmly established rule of law that it is unnecessary to allege performance, or even readiness to perform, on the part of the paintiff, when it is shown that the defendant has repudiated the contract, or affirmatively refuses to perform it, or denies liability under it. *People's Bldg., etc., Assn.* v. *Reynolds,* 17 Ind. App. 453, 457, and authorities there cited. The requirements of this rule are fully complied with by the averments of the complaint.

Another objection urged to the complaint is that the contract upon which it is based is not mutual. In determining the mutuality of a contract, it is important to look to the reciprocal conditions imposed upon the contracting parties. In this case appellant was not a party to the contract, and whatever his rights are, if any, they exist by virtue of the fact that appellee, upon certain expressed conditions, agreed with others to place a telephone in his house and connect it with a telephone exchange. This, however, would not change the relations of the parties, for the rule of law is that a contract between two parties, made for the benefit of another, may be enforced by such other party, although he was not a privy to it, and no consideration passed from him to the party bound. *McCoy* v. *McCoy,*

32 Ind. App. 38, and authorities cited; *Russell* v. *Pittsburgh, etc., R. Co.,* 157 Ind. 305, 55 L. R. A. 253, 87 Am. St. 214; *Ransdel* v. *Moore,* 153 Ind. 393, 53 L. R. A. 753.   This is also the rule in the federal courts.   *Hendricks* v. *Lindsay,* 93 U. S. 143, 23 L. Ed. 855; *Union Mut. Life Ins. Co.* v. *Hanford,* 143 U. S. 190, 12 Sup. Ct. 437, 36 L. Ed. 118; *Superior City* v. *Ripley,* 138 U. S. 93, 11 Sup. Ct. 288, 34 L. Ed. 914; *Central Trust Co.* v. *Berwind-White Coal Co.,* 95 Fed. 391.

Neither is it necessary for the plaintiff, for whose benefit a contract has been made, to aver an acceptance of the contract, for an acceptance is implied from bringing a suit upon it.   *McCoy* v. *McCoy, supra; Coppage* v. *Gregg,* 127 Ind. 359.

The contract granted to appellant an option to take the telephone upon the terms specified.   It gave him the privilege of exercising this option prior to or on the 1st day of June, 1902, and this he did by demanding a performance of the contract on the part of appellee.

Counsel have ably discussed the question as to whether or not the erection of a telephone line upon a rural highway constitutes an additional burden, for which the abutting owner of the fee in the highway is entitled to compensation; but we do not see any necessity to decide the question, for the reason that it is not pertinent.

The complaint states a cause of action, and the demurrer should have been overruled.   Judgment reversed, and the trial court is directed to overrule the demurrer to the complaint.