BROWN *v.* MARIS.

[No. 18,934. Filed February 21, 1958. Rehearing granted with opinion May 29, 1958. Rehearing denied June 25, 1958. Transfer denied September 24, 1958.]

*Karl Overbeck* and *Ward S. Williams,* both of Covington, for appellant.

*Wallace, Wallace & Mason,* of Covington, for appellee.

*Joseph G. Wood* and *Schortemeier, Eby & Wood,* of Indianapolis, for Indiana Real Estate Association, Inc., *Amicus Curiae.*

ON PETITION FOR REHEARING

CRUMPACKER, J.—In this action appellant chose to stand on a contract which the appellee had breached and sued to recover the commission stipulated therein. The contract involved is what is known as a real estate broker's listing contract and reads as follows:

"LISTING CONTRACT
8-21-52
"To Edwin L. Brown Real Estate

"In consideration of your listing for sale and your services in undertaking to find a purchaser for the following described real estate in Liberty Township of Park County, State of Indiana, to-wit: 142 A, I hereby grant and give you the exclusive right to sell the same for a period of 7 mo. from date of this contract at and for the price of .......... Dollars. (25,000.) Said consideration to be paid in the following manner: $5000 20 years to pay 4½%. In the event you find a purchaser for, or that said real estate is sold by or through you, or otherwise, during said time for the price and upon the terms above stated, or for any other price or terms or any other consideration acceptable to me, or if sold within ninety (90) days after the expiration of this contract to anyone who has been shown said property by you; then, in consideration of your services tendered I hereby agree to pay you five per cent (5%) on the selling price. I also agree to furnish a complete abstract, showing a merchantable title to said real estate and warranty deed for same.

"/S/ Frank Maris."

The appellant's complaint pleads the above contract and alleges that immediately after its execution the

appellant advertised the land involved for sale, contacted and interviewed prospective purchasers one of whom he took into the country to view the property. That on November 18, 1952, while said contract was in full force and effect, the appellee sold said property to one Merrill L. Bannon and Ruth L. Bannon, husband and wife, for $25,000. That thereupon the appellant demanded of the appellee the sum of $1,250 "for his commission on the selling price of said real estate" but the appellee then and at all times since has refused to pay said commission or any part thereof wherefore the appellant prays judgment in the sum of $1,250 and interest at the rate of six percent per annum from November 18, 1952.

A demurrer for want of facts to this complaint was sustained on the theory that the action counts on the contract and no performance on the part of the plaintiff is alleged. The propriety of such ruling is the sole question presented by this appeal.

All of the cases upon which the appellant relies for reversal are of foreign jurisdictions and most of them hold in effect that a contract giving a broker the exclusive right to sell property during a definite and fixed time prohibits the sale of the property by any other person during that time, including the owner of the property, and if it is sold by another person, including the owner, the broker is entitled to the commission provided in the contract even though he had nothing to do, directly or indirectly, with the sale. In other words the mere fact that a broker has the exclusive right to sell a piece of property entitles him to the stipulated commission if the property is sold under any circumstances during the life of his contract. That is not and never has been the law of Indiana. This court said specifically in *Thomas* v. *Hennes* (1922), 78 Ind. App. 275, 135 N. E. 392, that the mere

fact that a broker had an exclusive right to sell property "would not entitle him to recover the commission he was to receive in the event he made a sale. Under such circumstances, his right of action, if one existed, would be for damages resulting from a breach of the contract and not for the amount earned in the performance of services thereunder." While that statement may not have been essential to the Thomas decision no court in Indiana has repudiated or criticized it either directly or indirectly and it is wholly in harmony with the rule stated in an annotation in 64 A. L. R. 410, and cases cited in support thereof. It clearly means that if a real estate broker has nothing more than the exclusive right to sell real estate and that right is breached and the broker fails to find an able and willing buyer before his contract expires his remedy is a suit for resulting damages. Therein all money laid out and expended in advertising and showing the property together with the value of the broker's time would be proper damages and, if he could have sold the property except for the owner's action in selling it himself, he could also recover damages measured by the stipulated commission.

It is suggested that the Thomas case contravenes ruling precedents of the Supreme Court. Only two of such alleged instances are pointed out. The first is *Lane* v. *Albright* (1874), 49 Ind. 275, wherein the broker had "induced two persons to purchase the land at the price and upon the terms named." The court said that Lane *had performed* all that the contract required him to do and Albright, the owner, could not deprive him of his commission by selling the property himself. We agree but observe that the decision has nothing to do with the situation dealt with in the Thomas case or this case where no performance on the part of the plaintiff is alleged in his complaint. The

other decision of the Supreme Court to which violence is alleged to be done by the Thomas case is *Stewart, et al.* v. *Murray* (1884), 92 Ind. 543. This case decides nothing more than that the owner of real estate, in making a contract with a broker to sell it, need not specifically reserve the right to sell it himself as "such right existed in the absence of its express surrender or an express agreement that the appellants alone should have the right to sell the land." We agree that by giving a broker the exclusive right to sell certain property the owner thereby surrenders the right to sell it himself but if such exclusive right is breached before performance what is the remedy? Stewart doesn't say. Thomas says it is an action for damages and not for the stipulated commission. Obviously there is no conflict between the two cases.

What we have said up to this point has reference to contracts wherein the owner merely gives the broker the exclusive right to sell certain real estate and promises to pay him a stipulated commission for doing so. It must be conceded, however, that two individuals, competent to contract, can make any sort of agreement they choose and if such agreement is supported by a valid consideration and is not contrary to public policy it will be binding on both. Thus it is proper that an owner of real estate and a real estate broker should execute a contract wherein it is expressly covenanted that the broker will be paid a stipulated commission in the event of a sale within the time specified no matter whether it was effected by the broker or by the principal or by any other person. The validity of such contract was recognized by the Supreme Court of this State in *Singleton* v. *O'Blenis et al.* (1890), 125 Ind. 151, 25 N. E. 154, wherein it is said:

"No one will controvert the rule that a party who seeks to enforce a contract must allege performance on his part, or a legal excuse for non-

performance. If the theory of the complaint was that O'Blenis had made the sale, unless it alleged such facts as to indicate a sale upon the terms and conditions agreed upon, it would be bad. But as we have seen the appellant reserved the right to himself of making a sale, but in case a sale should be made by him, O'Blenis was to be paid his fee the same as if he had found the purchaser. *There is no general averment of performance* on the part of O'Blenis, nor does it appear that he had taken any steps looking to a negotiation of a sale, but it is averred that the appellant, within seventeen days after the execution of the contract, sold the property. The contract rested upon a sufficient consideration, and the appellant having made the sale in such a short time after its execution, we think there is disclosed such a performance of the conditions upon which the compensation of the agent depended as to entitle him thereto." (Emphasis supplied.)

The above decision indicates that Indiana, like those states listed in the annotation at 64 A. L. R. 416, recognizes the rule that the rights of the broker are controlled by the particular language of the contract and if a real estate owner has specifically agreed to pay his broker a commission regardless of the circumstances under which the property involved is sold such a contract is supported by a sufficient consideration and is enforceable. In view of the Singleton decision, which has just come to our attention, we are compelled to withdraw our decision of February 21, 1958, and sustain the appellant's petition for a rehearing. Said decision was based primarily upon the fact that the appellant's complaint failed to allege performance on his part and that there was no consideration for a promise to pay appellant a commission for a sale with which he had nothing to do. It now seems apparent that such holding is contrary to a ruling precedent of the Supreme Court as laid down in the Singleton case. There as here there was no general

averment in the complaint of performance on the part of the broker but then as here there was an averment that the appellee within a short time after the execution of the contract involved sold the property himself. Such facts, says the Singleton decision, "disclosed such a performance of the conditions upon which the compensation of the agent depended as to entitle him thereto." The consideration for the contract, which we must treat as a whole, was the promise of the appellant to make use of the efforts and facilities of his office to find a purchaser for appellee's real estate. This, it is alleged, the appellant did. Thus after much hesitation we have come to the conclusion that the complaint is sufficient. The judgment is therefore reversed and cause remanded with instructions to overrule the appellee's demurrer to the appellant's complaint.

NOTE.—Reported in 150 N. E. 2d 760.