CLARK MUTUAL LIFE INSURANCE CO. *v.* LEWIS.

[No. 20,249. Filed June 27, 1966. Rehearing denied July 19, 1966.]

*John H. Baldwin,* of Indianapolis, for appellant.

*John C. Carvey,* of Indianapolis, and *Harold Soshnik,* of Shelbyville, for appellee.

SMITH, C. J.—This is an action brought by George C. Lewis, the appellee, for damages sustained as a result of the alleged breach of an express contract for employment executed by the appellee and Clark Mutual Life Insurance Company, appellant.

The relevant facts of this case as found in the transcript of the record and most favorable to the appellee as shown by the evidence are that the appellee agreed to perform personal services for the appellant, and that the parties entered into the following contract pursuant to such agreement.

### "Employment Contract

Know All Men By These Presents, that the Clark Mutual Life Insurance Company, having offices at 2264 North Meridian Street, Indianapolis, Indiana, hereinafter called the party of the first part, and George C. Lewis, of Logansport, Indiana, hereinafter called the party of the second part, have agreed as follows:

"1. The first party hereby employs the second party for a period beginning February 1, 1961, as assistant to President in the State of Indiana, to locate and interest qualified persons who might become agents of the first party. The second party agrees to interest such persons and to arrange for them to be interviewed by a representative of the first party. The first party will thereafter arrange for the training and licensing of such persons who are sufficiently interested to become agents for the first party and who, in its opinion qualify for such service.

"2. The second party shall be entitled to compensation for his services at the rate of not less than Two Hundred ($200) Dollars per month plus traveling expenses to be itemized by him including ten cents (10¢) per mile for the use of his automobile for each mile necessarily traveled in

work for the first party. The second party does not agree to devote full time to the employment hereby undertaken but he does agree to devote at least eight (8) working days per month to the said employment if needed by the party of the first part. For each day devoted to such work by the party of the second part in excess of the said eight (8) days per month he will be entitled to additional compensation at the rate of Twenty-five ($25) Dollars per day plus expenses as above provided.

"3. The party of the second part agreed to devote himself to the said employment within the limits above set forth and to serve the interests of the first party to the best of his ability.

"4. This contract shall extend for a period of not less than one (1) year unless renewed.

"5. The earnings of the second party shall be paid to him on the first day of each month beginning March 1, 1961.

"IN WITNESS WHEREOF, we have hereunto set our hands and seals this 6th day of February, 1961.

"CLARK MUTUAL LIFE INSURANCE COMPANY

"By     (s)     Edgar L. Chatham

                                             First Party

"       (s)     George C. Lewis

                                             Second Party"

The parties performed their respective duties under the contract for six months until the contract was terminated by the appellant because of alleged non-performance on the part of appellee in failing to work at least eight (8) days each month toward the solicitation of agents for appellant. During the six months, appellee worked between three and seven days each month. The appellee alleged that the deficiency in days worked was a result of instructions from appellant that appellee need only supply one agent a month regardless of the hours of work required by the contract.

The lower court entered judgment for appellee and assessed his damages in the amount of $1200 as proportionate to the salary due him under the contract.

Appellant now appeals from this judgment. The sole error assigned on appeal is the overruling of the motion for a new trial. The appellant has urged other specific errors which substantially involve the issue of whether appellee's performance under the contract was consistent with the terms of the instrument or a breach of that part of the contract which reads:

"The second party (appellee) does not agree to devote full time to the employment hereby undertaken but he does agree to devote at least eight (8) working days per month to the said employment *if needed* by the party of the first part (appellant)." (Emphasis supplied)

The appellee, in his reply, alleged that appellant had orally interpreted the above quoted section of the contract in prescribing minimum standards of performance, not completely set out in the contract.

Appellant filed a motion to require appellee to make his reply more specific as to when appellant had told appellee he did not have to work eight (8) days per month. This motion was overruled, and appellant then demurred to the same paragraph of the reply claiming that the facts set forth by appellee alleged an oral agreement inconsistent with the written contract sued upon and was thus insufficient to avoid the answer. The court overruled this demurrer. Appellant also claims that the lower court's decision is contrary to law because of lack of evidence that appellee was ready, willing and able to perform his part of the contract.

Appellant contends that he suffered prejudicial error in the court's failure to sustain his motion to make appellee's reply more specific, citing *Hankins et al.* v. *State Ex. Rel. Miller* (1940), 217 Ind. 225, 230, 27 N. E. (2d) 365. There the court held that,

"Where the facts upon which a pleading is based do not sufficiently appear, it is prejudicial error to overrule a motion to make a pleading more specific and certain where the motion is manifestly for the purpose of clarifying the

pleading and securing a proper statement of the cause of action."

In *Kamarata* v. *Hayes Freight Lines, Inc.* (1953), 123 Ind. App. 222, 108 N. E. (2d) 723, this Court held that it is not reversible error to overrule a motion to make specific where the facts are peculiarly within the knowledge of the defendant. The appellant, by use of the Motion to Make More Specific, sought information about words which were spoken by himself. Such information cannot be gained by use of the motion to make more specific; nor is it reversible error to deny such use. *Rock Oil Co.* v. *Brumbaugh* (1915), 59 Ind. App. 640, 108 N. E. 260.

Appellant also contends that the court specifically erred in overruling his demurrer to paragraph III of appellee's reply. This paragraph taken from the record reads:

"Paragraph III

"The plaintiff replies specially to rhetorical paragraph 4 of Paragraph III as follows:

"1. That the defendant informed plaintiff it only wanted to employ one (1) new agent each month.

"2. That the defendant repeatedly advised plaintiff that it was not necessary that he work the minimum of eight (8) days per month, . . . if plaintiff had located qualified persons to become agents for defendant, and defendant had employed one (1) of said persons as an agent thereby enabling defendant to save such additional traveling expenses for that month as plaintiff might have incurred by continuing a search for such qualified persons."

Appellant seeks to support its demurrer by citing *Romaine* v. *Judson et al.* (1891), 128 Ind. 403, 26 N. E. 563, in which the court stated that "A paragraph of answer pleading a parol agreement in contravention of the written agreement is bad."

A writing, intended to be the final and complete agreement between two parties, is an integration, and no prior or con-

temporaneous oral agreements may be introduced into evidence to add to, subtract from or change the written instrument in any manner. Regardless of the time when appellant informed appellee that he need not work eight (8) days per month, whether before or after the written contract was executed, such oral manifestations do not come under the Parol Evidence rule but are consistent with and provided for by the written contract. The contract provided that appellee was to work a minimum of eight days per month if that amount of his services were needed by appellant. This construction of the meaning of the words "if needed" is also that attached by the parties, as evidenced by their conduct subsequent to the negotiation of the contract. Appellee worked less than eight (8) days per month for six months without any objection on the part of appellant.

The best criterion of the meaning of a contract is the construction which the parties themselves place on it, and ordinarily their interpretation is looked to by the court in determining the meaning of the contract. *Zeppenfeld* v. *Morgan* (1943), 168 S. W. (2d) 971 (Mo. App.).

Strict performance of the terms of a contract on the part of one party may be waived by the other by acts which show a relinquishment of one or more provisions of the contract. *Corbin on Contracts*, § 755, p. 497. Even if the contract called for performance of no less than eight days work per month, appellant's acquiesance in the lesser performance could be considered a waiver of the eight day requirement.

To sustain appellant's demurrer would have been a perversion of the plain meaning of the written contract. The lower court committed no reversible error by overruling appellant's demurrer to appellee's reply.

Appellant next urges that the lower court specifically erred by favorably entering judgment on appellee's complaint

arguing that the decision is contrary to law because of lack of evidence. Appellant proposes that the appellee by his testimony evidenced a willingness to perform the contract as he had been performing in the past, but since this past performance was insufficient then the present willingness does not support appellee's suit for breach under the rule in *Zeppenfeld* v. *Morgan, supra.* There the court stated that, "Generally, where one seeks recovery of damages from another whom he alleges has violated the terms of a mutual contract, plaintiff must both allege and prove that he has himself performed or offered to perform the terms of the contract."

This rule refers to performance up to the time of the alleged breach. Appellee must prove performance before the breach occurred, however, in an action for damages for breach of contract, appellee need not allege or prove performance on his part after the appellant has repudiated the contract. *Foster* v. *Leininger* (1904), 33 Ind. App. 669, 72 N. E. 164.

Since we have concluded that the appellee's performance was consistent with the terms of the contract, evidence of such performance up to the time of the breach is all that is required. Evidence of performance or willingness to perform after the breach occurred need not be presented, nor would the decision be contrary to the law because of the lack of this evidence.

The finding of the lower court was based upon uncontradicted evidence that appellee was ready, willing and able to perform his contractual duties at all times. Evidence sufficient to sustain a judgment must be substantial evidence with probative value (a quality of proof with fitness to induce conviction). *Kelly* v. *Davidson* (1958), 129 Ind. App. 384, 154 N. E. (2d) 888. The evidence was sufficient to sustain the court's finding, and it committed no reversible error by entering judgment for the appellee on his complaint.

For the reasons given herein, we hold that the lower court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.

Bierly, Hunter and Mote, JJ., concur.

NOTE.—Reported in 217 N. E. 2d 853.