Maurice SUTTON and Lorraine Sutton, Appellants (Defendants Below),

v.

ROTH, WEHRLY, HEINY, INC., Appellee (Plaintiff Below).

### No. 3–1279 A 334.

Court of Appeals of Indiana, Third District.

Feb. 10, 1981.

Rehearing Denied March 30, 1981.

David Peebles, Fort Wayne, for appellants.

Gary J. Rickner and John F. Lyons, Barrett, Barrett & McNagny, Fort Wayne, for appellee.

HOFFMAN, Presiding Judge.

Maurice and Lorraine Sutton appeal the judgment of the trial court in favor of Roth, Wehrly, Heiny, Inc., (Realty Corp.) in a breach of contract action. The issues as stated by the Suttons are:

(1) whether plaintiff Corporation can recover, when it has failed to prove that it is a licensed real estate broker as required by statute;

(2) whether there was sufficient evidence, or any evidence, to support a finding that the termination of the listing agreement was in bad faith, that there were "negotiations" while the listing agreement was in effect, and that plaintiff-appellee did not abandon the contract by withdrawing the property from the market, thereby creating an estoppel, all of which are essential elements which plaintiff must prove in order to recover; and

(3) assuming a termination in bad faith by defendants-appellants, whether plaintiff-appellee can recover a full commission as damages, or whether it must prove its expenses and the value of its services as the proper measure of damages.

On November 2, 1976 the Suttons entered into an exclusive listing contract with the Realty Corp. for the purpose of selling a motel. The contract was to extend from November 2, 1976 to May 2, 1977. The clause at issue in this action provides:

"If said real estate is sold or exchanged within 90 days after the expiration of the term of this agreement to any person, firm or corporation with whom during the exclusive period of this listing you, your representatives or myself or ourselves had negotiations relative to the purchase of said property for said price listed herein or for a price and upon terms acceptable to me or us, I or we agree to pay you for your services a sum equal to 7% of the gross sales or exchange price thereof, provided, however, that this extension clause shall not be applicable and binding during the term said real estate is relisted with some other licensed Broker under an exclusive listing contract. This contract is enforceable without relief from valuation and appraisement laws and with attorney fees."

In December 1976 an agent for the Realty Corp. showed the motel to three men, including David Nolan. The group decided against investing in the motel. Sometime later David Nolan and his wife entered into negotiations with the Suttons for the purchase of the motel. The purchase contract was signed on June 15, 1977.

On February 28, 1977 Mr. Sutton contacted the Realty Corp. and requested a cancellation of the listing contract. The agent to whom Sutton talked stated that it was against the Realty Corp.'s policy to cancel an exclusive listing contract. Instead of cancelling the contract, the agent agreed to withdraw the motel from the Multiple Listing Association and to stop advertising the motel. This would allow the contract to die a natural death. The contract was neither cancelled nor returned to the Suttons.

On May 9, 1977 an agent from the Realty Corp. sent a letter to the Suttons advising them that if anyone with whom negotiations were held during the term of the contract in fact purchased the land within ninety days after expiration of the contract, it was entitled to a commission. When the land was sold on June 15, the Suttons refused to pay the commission. The Realty Corp. thereafter brought this action for breach of contract. At trial the jury returned a verdict in favor of the Realty Corp. for the sum of $23,837.

 The Suttons initially contend that the judgment is contrary to law and not supported by sufficient evidence in that the Realty Corp. failed to prove that it is a licensed real estate broker under the laws of the State of Indiana.[1] Such proof is required by IC 1971, 25–34–1–9 (Burns Code Ed.)[2] which provides:

"Commissions—Actions to collect—Allegations.—In all actions for the collection of a commission or other compensation

---

1. Although the fact that the Realty Corp. failed to allege it was a licensed broker was mentioned in the Suttons' memorandum accompanying their motion to correct errors, the issue is not argued in this appeal. Any error is therefore waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

2. This statute was repealed by Acts of 1979, P.L. 248, § 2 effective December 31, 1979. For new law see IC 1971, 25–34.1–6· 2 (1980 Burns Supp.).

for the sale of real estate and filed in the courts of this state after October 1, 1949, it shall be alleged and proved therein that at the time the cause of action arose the party seeking relief was a duly licensed real estate broker or real estate salesman of the state of Indiana."

This Court's standard of review for sufficiency claims is well established. An appellate court will neither weigh the evidence nor judge the credibility of the witnesses, but will look only to that evidence most favorable to the appellee and the reasonable inferences to be drawn therefrom. The verdict of the jury will be set aside only where it is against all the evidence, where there is a total lack of evidence or where it is contrary to uncontradicted evidence.

Although the evidence as to whether the Realty Corp. was a licensed broker is limited, the exclusive listing contract was admitted into evidence without objection. The contents of the contract at the very least raise the inference that the Realty Corp. was a licensed broker. In particular, the contract makes provisions for what is to occur if the property is relisted with *some other* licensed broker after expiration of the contract, but before the ninety-day extension has elapsed. This in itself is sufficient evidence to determine that the Realty Corp. complied with the statute.

The Suttons next contend that the evidence is insufficient to support a finding that the termination of the contract was done in bad faith. Additionally the Suttons charge that there is insufficient evidence to establish that negotiations had taken place during the life of the contract and also that the Realty Corp. did not abandon the contract when it withdrew the motel from the market. According to the Suttons, these are essential elements which must be proven by the Realty Corp. before any recovery can be allowed.

Initially it must be noted that this is a breach of contract action. The plaintiff (Realty Corp.) in such cases must prove that it has performed or offered to perform the terms of the contract up to the time of the alleged breach. *Clark Mut. Life Ins. Co. v. Lewis* (1966), 139 Ind.App. 230, 217 N.E.2d 853. The defendant has the burden of proof on any matters of avoidance. *Hidden Valley Lake, Inc. v. Kersey* (1976), 169 Ind. App. 339, 348 N.E.2d 674.

In the instant case, in addition to the statutory requirement of proving that it was a licensed real estate broker, the Realty Corp. has the burden of proving: 1) a written contract, 2) negotiations during the life of the contract by the ultimate purchaser, and 3) a sale within ninety days after expiration of the contract. The Suttons carry the burden of proof in matters of avoidance such as termination, rescission or abandonment. It is only after the Suttons sustain their burden of proving that the contract was terminated that the Realty Corp. must show that the termination was done in bad faith.

A review of the record reveals evidence which would justify the jury's determination that the contract was not terminated. The evidence shows that an agent of the Realty Corp. told Mr. Sutton that it was against the Realty Corp.'s policy to cancel the contract. The reason behind this policy was to protect the Realty Corp. if the landowners abruptly changed their minds and decided to sell the property to someone with whom they had negotiations with during the life of the contract. The evidence also discloses that the contract was not returned to the Suttons after the February 28, 1977 communication and that, in fact, they were informed on May 9, 1977 that the Realty Corp. expected to receive its commission if the land was sold within ninety days. Since this evidence is sufficient to sustain a jury's determination that the contract was not terminated until May 2, 1977, the issue of bad faith is unnecessary in reaching the verdict. The Realty Corp. therefore does not have the burden of proving bad faith. This same evidence also indicates that the Suttons did not sustain their burden of proof on the abandonment issue.

■ The Realty Corp. does have the burden of proving that the Nolans had negotiated with the Suttons during the life of the contract. The evidence is uncontroverted that the Suttons and Nolans negotiated on April 12, 1977. In light of the evidence indicating that the contract was not terminated until May 2, 1977, the Realty Corp. has clearly sustained its burden of proof.

■ The Suttons argue finally that the court erred in instructing the jury on the measure of damages. In particular, the Suttons contend that, without a showing that the Realty Corp. had, or could have, but for the interference of the Suttons, found a buyer who was ready, willing and able to purchase the property on terms acceptable to the Suttons, damages must be limited to expenses incurred by the Realty Corp., instead of the actual commission to which it would have been entitled. The Suttons cite *Gerardot v. Emenhiser* (1977), Ind.App., 363 N.E.2d 1072; *Brown v. Maris* (1958), 128 Ind.App. 671, 150 N.E.2d 760, and *Thomas v. Hennes* (1922), 78 Ind.App. 275, 135 N.E. 392 as authority for their position.

*Gerardot* and *Thomas* are clearly distinguishable on their facts and *Brown* is directly contrary to the Suttons' argument. In *Gerardot* the court was discussing generally the measure of damages when the broker fails to prove that it was the essential cause of the sale, absent a provision in the contract. In *Thomas* the court construed an ambiguous contract so as to not require payment of a commission to a broker who was not the essential cause of the sale. The contract in the present case however expressly provides for payment to the Realty Corp. even if it is not the cause of the sale. The only prerequisites for collection of the commission are: 1) the "real estate is sold or exchanged within 90 days after the expiration of the term of this agreement" and 2) the sale is "to any person, firm or corporation with whom during the exclusive period of this listing you, your representatives [Realty Corp.] or myself or ourselves [Suttons] had negotiations relative to the purchase of said property for said price stated

herein or for a price and upon terms acceptable . . . ."

A similar contract clause was at issue in *Brown v. Maris, supra,* 128 Ind.App. 671, 150 N.E.2d 760. In discussing damages the Court there stated:

"What we have said up to this point has reference to contracts wherein the owner merely gives the broker the exclusive right to sell certain real estate and promises to pay him a stipulated commission for doing so. It must be conceded, however, that two individuals, competent to contract, can make any sort of agreement they choose and if such agreement is supported by a valid consideration and is not contrary to public policy it will be binding on both. Thus it is proper that an owner of real estate and a real estate broker should execute a contract wherein it is expressly covenanted that the broker will be paid a stipulated commission in the event of a sale within the time specified no matter whether it was effected by the broker or by the principal or by any other person. The validity of such contract was recognized by the Supreme Court of this State in *Singleton v. O'Blenis,* 1890, 125 Ind. 151, 25 N.E. 154 . . . ."

150 N.E.2d at 763.

Since the contract in the present case provided for a payment of commission even if the Realty Corp. was not the essential cause of the sale, the commission itself is the proper measure of damages. The trial court committed no error in so instructing the jury.

For the above reasons, the judgment of the trial court is affirmed.

Affirmed.

STATON, J., concurs.

GARRARD, J., concurs in result.